OPINION
{¶ 1} Appellant Rhydean Zachery appeals from his conviction, in the Stark County Court of Common Pleas, on the grounds that he was denied effective assistance of counsel and lacked competency to enter a guilty plea. The following facts give rise to this appeal.
 {¶ 2} On October 2, 2003, the Stark County Grand Jury indicted appellant for the aggravated robbery of the Main Moon Restaurant in Alliance, Ohio. The trial court found appellant indigent and appointed the Public Defender's Office to represent him in this matter. Defense counsel requested a competency hearing. The trial court granted defense counsel's request. Kathleen Stafford, Ph.D, of the Akron Psycho-Diagnostic Clinic, evaluated appellant. In her report, Dr. Stafford found appellant competent to stand trial.
 {¶ 3} Following this finding, the parties stipulated, at a pre-trial hearing, that appellant was competent to stand trial. Defense counsel also filed a motion to suppress a tape recorded statement appellant made to the police. The trial court scheduled the motion for a hearing. However, prior to the scheduled suppression hearing, appellant retained private counsel. On the day of the suppression hearing, appellant's retained counsel was sent to jail, for contempt, on an unrelated matter.
 {¶ 4} Following defense counsel's release from jail, the trial court conducted a pre-trial on January 16, 2004. At this pre-trial, defense counsel withdrew the previously entered stipulation regarding appellant's competence and requested the matter set for a hearing. On February 2, 2004, this matter went before the trial court for a competency hearing. At this hearing, Dr. Stafford testified that appellant suffered from a chronic major mental illness of schizophrenia paranoid type that was in remission, cocaine dependence that was ameliorated by his incarceration and inability to obtain cocaine, an anti-social personality disorder and an IQ of 68 to 70. However, despite these findings, Dr. Stafford found appellant competent to stand trial.
 {¶ 5} The trial court conducted a suppression hearing on February 6, 2004. The trial court denied appellant's motion to suppress. Thereafter, on February 13, 2004, appellant returned to court, withdrew his previously entered plea of not guilty, and entered a plea of guilty to the charge of aggravated robbery. The trial court sentenced appellant to four years in prison. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. The appellant was denied the effective assistance of counsel when his attorney was held in contempt, and failed to take the case to trial by having defendant plead guilty and did not order a new competency hearing.
 {¶ 7} "II. The trial court did commit plain error in finding the appellant competent to knowingly, intelligently, and voluntarily enter a plea of guilty."
 I {¶ 8} In his First Assignment of Error, appellant maintains he was denied effective assistance of counsel because counsel permitted him to enter a guilty plea when he was not competent to do so. Appellant also claims defense counsel was ineffective because he did not request a new competency hearing. We disagree.
 {¶ 9} A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 10} In determining whether counsel's performance fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance.
 {¶ 11} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter
(1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 364, 370.
 {¶ 12} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland, supra.
 {¶ 13} We have reviewed the record in this matter and conclude appellant voluntarily and knowingly entered his guilty plea. Therefore, defense counsel was not ineffective for permitting him to do so. In accepting a guilty plea, a trial court must substantially comply with Crim.R. 11. State v. Nero
(1990), 56 Ohio St.3d 106, 108. Substantial compliance with Crim.R. 11(C) is determined upon a review of the totality of the circumstances. State v. Carter (1979), 60 Oho St.2d 34, 38. The record in the case sub judice establishes that appellant executed a change of plea form in which he acknowledged that his plea was entered into knowingly, intelligently and voluntarily.
 {¶ 14} Further, the transcript of the change of plea hearing indicates that appellant was satisfied with defense counsel's representation of him. Hrng., Feb. 13, 2004, at 8. Appellant responded appropriately to the trial court's explanation of his rights and his willingness to waive his rights by entering a guilty plea. Appellant's ability to understand the proceedings is further demonstrated by appellant's comment that "* * * the Prosecutor offered me four years, so I got to step on that before I do ten and losing it in trial." Id. Clearly, appellant understood the possible consequences of going to trial.
 {¶ 15} Finally, defense counsel convinced the trial court to allow appellant to have a competency hearing after previous counsel had stipulated to appellant's competency. Appellant argues that "first counsel" should have requested a new competency hearing and that failure to do so falls below an objective standard of reasonableness and proves that "first counsel" was ineffective. We find this argument irrelevant because, as noted above, appellant's retained counsel did successfully request and receive a competency hearing on behalf of appellant, despite the fact that appointed counsel had previously waived such a hearing.
 {¶ 16} Thus, we find appellant was not prejudiced by defense counsel's representation. Appellant's change of plea was not fundamentally unfair because of the performance of defense counsel. As such, we will not address the issue of whether defense counsel's representation fell below an objective standard of reasonableness.
 {¶ 17} Appellant's First Assignment of Error is overruled.
 II {¶ 18} Appellant contends, in his Second Assignment of Error, the trial court erred when it found appellant competent to knowingly, intelligently and voluntarily enter a plea of guilty. We disagree.
 {¶ 19} In State v. Bolin (1998), 128 Ohio App.3d 58, 62, the Eighth District Court of Appeals discussed the competency standard for pleading guilty. The court stated:
 {¶ 20} "The competency standard for pleading guilty or waiving the right to counsel is the same as the competency standard for standing trial: whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings."
 {¶ 21} In the case sub judice, following a competency hearing, the trial court found appellant competent to stand trial. Therefore, it would also reason that appellant was competent to enter a guilty plea. This is further supported by the fact that appellant signed a change of plea form; acknowledged defense counsel's due diligence in representation of him; understood his right to a speedy trial as well as the other rights he would be waiving by entering a guilty plea; and understood the possibility of a longer sentence if he went to trial and was found guilty.
 {¶ 22} We have reviewed the change of plea transcript and conclude the trial court followed the mandates of Crim.R. 11 and appellant knowingly, voluntarily and intelligently entered his guilty plea. The fact that appellant suffers from a low IQ does not prevent him from entering a valid change of plea. Recently, in Atkins v. Virginia (2002), 536 U.S. 304, 306, the United States Supreme Court stated that, "[t]hose mentally retarded persons who meet the law's requirement for criminal responsibility should be tried and punished when they commit crimes."
 {¶ 23} Accordingly, appellant's Second Assignment of Error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.