DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, wherein appellant, Mark A. Houseworth, pled guilty to and was found guilty of one count of reckless homicide, a violation of R.C. 2903.041, a felony of the third degree. After receiving a presentence investigation report and holding *Page 2 
a sentencing hearing, the trial court imposed a maximum sentence of five years in prison, plus court costs and restitution to the victim's family.
 {¶ 2} Appellant subsequently filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. He alleged that his trial counsel informed him that the common pleas judge "represented that he [appellant] would not receive a maximum sentence of five years" if he entered a guilty plea. Appellant contended that because he did receive the maximum sentence, his plea was not voluntary, knowing, and intelligent.
 {¶ 3} At the hearing on appellant's motion to withdraw his guilty plea, appellant's counsel stated that he did provide his client with the foregoing advice. Nevertheless, this alleged off-the-record statement was made by the trial court prior to receiving the results of a presentence investigation. The first presentence investigation report mistakenly showed that appellant had 16 prior felonies on his record. Upon reviewing that report, the lower court determined that it should impose the maximum sentence.
 {¶ 4} At the hearing on the motion to withdraw appellant's guilty plea, a second presentence investigation report indicated that appellant did have an extensive criminal record, consisting of six felonies and 21 misdemeanors. While determining that the original presentence investigation report was materially defective, the trial court also found that the criminal record outlined in the second report was still extensive; therefore, the outcome of appellant's sentencing would not have been different. The trial judge further noted that at the time that appellant entered his guilty plea: *Page 3 
 {¶ 5} "There was no promise made by the court that I would give you anything than what is available to the court and, in fact, informed [appellant] what the maximum sentence was, and at the time of the plea [appellant] acknowledged that [he] knew what the maximum sentence on this case could be."
 {¶ 6} Consequently, the common pleas court denied appellant's motion to withdraw his guilty plea. Appellant appeals that judgment and sets forth the following assignments of error:
 {¶ 7} "Assignment of Error No. 1
 {¶ 8} "The trial court abused its discretion when it denied Mr. Houseworth's Motion to Withdraw Plea.
 {¶ 9} "A. Crim.R. 32 [sic] permits a trial court to set aside a conviction, after sentence has been imposed, to correct manifest injustice. Mr. Houseworth was told by trial counsel that the courtwould not impose a five-year sentence.
 {¶ 10} "Assignment of Error No. 2
 {¶ 11} "The defendant was denied his right to effective assistance of counsel.
 {¶ 12} "A. To prevail on a claim of ineffective assistance of counsel, the appellant must show that counsel's performance was deficient and that, but for the deficiency, the result would have been different. Mr. Houseworth entered a plea based upon counsel's assertions that the court would not impose the maximum five-year [sic] sentence. The court did impose a five-year [sic] sentence. (1) Was counsel's performance deficient? (2) *Page 4 
Is there a reasonable probability that the plea would not have been entered absent these assertions?"
 {¶ 13} In his first assignment of error, appellant contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea because he was told by his trial counsel that the court was not going to impose a maximum sentence of five years.
 {¶ 14} Crim.R. 32.1 provides: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A manifest injustice standard is an extremely high standard that allows the withdrawal of a plea only in extraordinary circumstances.State v. Smith (1977), 49 Ohio St.2d 261, 264. This standard contemplates only "a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Thomson, 6th Dist. No. L-05-1213,2006-Ohio-1224, ¶ 48, citing State v. Woods, 8th Dist. No. 82120, 2003-Ohio-2475, ¶ 16.
 {¶ 15} Furthermore, a motion to withdraw a guilty plea is a matter to be determined in the sound discretion of the trial court. State v.Gegia, 11th Dist. No. 2003-P-0026, 2004-Ohio-1441, ¶ 20, citingState v. Smith (1977), 49 Ohio St.2d at 264. An abuse of discretion "connotes more than an error of law or of judgment; it implies an *Page 5 
unreasonable, arbitrary or unconscionable attitude on the part of the court." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In the case under consideration, appellant failed to order a transcript of the change of plea/guilty plea hearing. The trial judge, however, noted at the hearing on appellant's Crim.R. 32.1 motion that he never made any promises to appellant concerning his sentencing. As a result, and based upon the evidence, or lack thereof, before this court, we cannot say that the common pleas court's attitude in denying appellant's motion to withdraw his guilty plea was unreasonable, arbitrary, or unconscionable. Appellant's first assignment of error is found not well-taken.
 {¶ 17} In his second assignment of error, appellant argues that he was denied effective assistance of retained counsel because counsel informed him that, per counsel's communications with the court, appellant would not receive the maximum five year sentence. At the hearing on appellant's motion to withdraw his guilty plea, counsel admitted that he "directly advised" his client "that he would not get five years." Counsel also stated that, despite the fact that this statement was made before anyone was fully aware of the extent of appellant's criminal history, his client relied on that statement in entering his guilty plea.
 {¶ 18} The standard used to decide if a defendant "`had effective retained counsel is whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and substantial justice was done.'" State v. Harwell, 149 Ohio App.3d 147,2002-Ohio-4349 ¶ 15, quoting State v. Hester (1976), *Page 6 45 Ohio St.2d 71, paragraph four of the syllabus. In determining this issue, an appellate court applies the same test utilized in determining ineffective assistance of appointed counsel. See, e.g., State v.Jordan, 10th Dist. No. 04AP-827, 2005-Ohio-3790; State v. Castile, 6th Dist. No. E-02-012, 2005-Ohio-041; State v. Zachery, 5th Dist. No. 2004CA00091, 2004-Ohio-6282.
 {¶ 19} To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's deficient performance. Strickland v.Washington (1984), 466 U.S. 668. Both prongs of the Strickland test must be met before an appellate court can deem trial counsel's representation of his or her client ineffective. Id. at 687. Thus, even if an appellate court finds that an attorney was deficient in some respect in his or her representation of a defendant, the defendant must still prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St. 3d 136, paragraph three of the syllabus.
 {¶ 20} In the present case, and even in assuming that appellant's counsel did tell his client that the trial court indicated that it would not impose a maximum sentence, we must presume, in the absence of a transcript of the guilty plea hearing, that the trial court made no such promise to this effect on the record. Thus, the outcome of this cause would not have been any different because the trial judge had the discretion to impose a five year maximum sentence. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. *Page 7 
Accordingly, there is no reasonable probability that, due to trial counsel's error in advising his client that he would not receive the maximum sentence, the outcome of this cause would have been different. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 21} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1