[Cite as *State v. Dooley*, 2010-Ohio-6260.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 1-10-41

    v.

JOSHUA D. DOOLEY,                     O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2009 0270

**Judgment Affirmed**

Date of Decision: December 20, 2010

APPEARANCES:

    *F. Stephen Chamberlain*  for Appellant

    *Jana E. Emerick*  for Appellee

Case No. 1-10-41

**PRESTON, J.**

{¶1} Defendant-appellant, Joshua D. Dooley (hereinafter "Dooley"), appeals the Allen County Court of Common Pleas' judgment of conviction and sentence. For the reasons that follow, we affirm.

{¶2} On September 17, 2009, the Allen County Grand Jury indicted Dooley on count one of rape in violation of R.C. 2907.02(A)(1)(b), a first degree felony, and count two of rape in violation of R.C. 2907.02(A)(1)(b), a first degree felony. (Doc. No. 3). Both counts contained a specification that the victim was less than ten years of age. (Id.).

{¶3} Arraignment was scheduled for September 28, 2009, at which time Dooley filed a written plea of not guilty by reason of insanity. (Doc. Nos. 6, 8).

{¶4} On October 2, 2009, Dooley filed a motion for a competency evaluation and hearing, which the trial court granted on October 7, 2009. (Doc. Nos. 14-15).

{¶5} On October 8, 2009, Dooley filed a motion to suppress his statements to law enforcement and evidence seized as a result of his allegedly unlawful arrest. (Doc. No. 17).

{¶6} A pretrial hearing on the issue of competency was scheduled for December 21, 2009. (Doc. Nos. 23-24). Dooley made an oral motion at this

hearing for an additional mental status examination, which the trial court granted on December 31, 2009. (Doc. No. 30).

{¶7} On February 22, 2010, the trial court held a competency hearing. (Doc. No. 34). The State and the defense stipulated to the admission of the evaluation reports of Dr. Scott Kidd and Thomas L. Hustak, Ph.D., and no other evidence was presented at the hearing. (Id.); (Feb. 22, 2010 Tr. at 2-3). After reviewing the evidence, the trial court found that Dooley was competent to stand trial pursuant to R.C. 2945.37, 2945.371, and 2945.38. (Feb. 22, 2010 JE, Doc. No. 34).

{¶8} On March 12, 2010, the trial court held a hearing on Dooley's motion to suppress, and thereafter, overruled the motion. (Mar. 15, 2010 JE, Doc. No. 41).

{¶9} On March 22, 2010, Dooley appeared before the trial court, withdrew his previously tendered pleas of not guilty by reason of insanity, and entered pleas of guilty to both counts in the indictment pursuant to plea negotiations. (Mar. 22, 2010 Tr. at 2-3, 15-17). In exchange for Dooley's guilty pleas in this case, the State agreed to dismiss its second case (CR 2009 0351) against Dooley stemming from the same incident. (Plea Agreement, Doc. No. 45); (Mar. 22, 2010 Tr. at 17). After accepting Dooley's guilty pleas, the trial court entered convictions, ordered a pre-sentence investigation (PSI) report, and set the

matter for sentencing. (Mar. 22, 2010 Tr. at 17). On March 23, 2010, the trial court filed its judgment entry of conviction. (Doc. No. 46).

{¶10} On May 6, 2010, the trial court sentenced Dooley to twenty-five (25) years to life on count one and twenty-five (25) years to life on count two. (May 6, 2010 JE, Doc. No. 51). The trial court further ordered that the term imposed in count two be served consecutive to the term imposed in count one for an aggregate sentence of fifty (50) years to life imprisonment. (Id.).

{¶11} On May 24, 2010, Dooley filed a notice of appeal. (Doc. No. 59). Dooley now appeals raising two assignments of error for our review.

**ASSIGNMENT OF ERROR NO. I**

**THE DEFENDANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO ERRORS AND OMISSIONS AND COUNSEL PERFORMANCE DUE TO INDIVIDUAL AND CUMULATIVE ERRORS RESULTED IN PREJUDICE TO THE DEFENDANT.**

{¶12} In his first assignment of error, Dooley argues that he was denied effective assistance of trial counsel because trial counsel failed to hire an expert to examine the digital pictures and computer data in the case, especially in light of evidence that the camera was not working properly. Dooley further asserts that trial counsel was ineffective for failing to locate "Christina Hill," the person who initially contacted the police and started the investigation against him. Dooley further argues that trial counsel was ineffective for failing to argue that he

unintelligently and unknowingly waived his *Miranda* rights since he has a low IQ level.

{¶13} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶14} In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland*, 466 U.S. at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965. Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. See *State v. Bradley* (1989), 42 Ohio St. 3d 136, 141-42, 538 N.E.2d 373, quoting *State v. Lytle* (1976), 48 Ohio St.2d 391, 396, 358 N.E.2d 623.

{¶15} To establish prejudice when ineffective assistance of counsel relates to a guilty plea, the defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance he or she would not have pled guilty. State v. *Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715, citing *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.E.2d 203; *Strickland*, 466 U.S. at 687.

{¶16} Dooley's arguments lack merit. Although the record indicates that Dooley informed law enforcement that the dates on the camera may have been incorrect, Dooley admitted to law enforcement that he committed the acts in October and November of 2008. (Mar. 12, 2010 Tr. at 17-18). Furthermore, Dooley has not indicated on appeal how this would have affected his decision to plead guilty to the two rape offenses. *Xie*, 62 Ohio St.3d at 524. Additionally, whether to consult an expert witness is generally a matter of trial strategy, and therefore, does not constitute ineffective assistance of counsel. See *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, 873 N.E.2d 828, ¶118; *State v. Nicholas* (1993), 66 Ohio St.3d 431, 436, 613 N.E.2d 225; *State v. Thompson* (1987), 33 Ohio St.3d 1, 10-11, 514 N.E.2d 407; *Carter*, 72 Ohio St.3d at 558. See, also, *State v. Alvarado*, 3d Dist. No. 12-07-14, 2008-Ohio-4411, ¶40.

{¶17} Dooley next argues that trial counsel was ineffective for failing to locate "Christina Hill," whose email to the Wapakoneta Police Department

ultimately resulted in his arrest and subsequent rape convictions. (Mar. 12, 2010 Tr. at 5-6); (State's Discovery Response, Doc. No. 13). Sergeant Mark Pierce of the Allen County Sheriff's Office testified that Christina Hill sent an email to the Wapakoneta Police Department and forwarded photographs of an adult male's penis pressed up against a female infant's vagina, which Christina indicated she had received from Dooley. (Mar. 12, 2010 Tr. at 7, 23); (Doc. No. 13). Dooley admitted that he had sent the pictures to Christina and that the adult male penis photographed was his. (Mar. 12, 2010 Tr. at 8, 16-17); (Doc. No. 13). Dooley also admitted to law enforcement that he had penetrated both female infants' vaginas with his penis. (Doc. No. 13). Trial counsel did inquire of Sergeant Pierce concerning the whereabouts of Christina Hill, and Sergeant Pierce testified that they might have Hill's email address, but no other contact information for her. (Mar. 12, 2010 Tr. at 19-23). Nevertheless, in light of Dooley's admissions and the photographic evidence in this case, failing to contact Christina Hill was not ineffective assistance of trial counsel. Furthermore, Dooley has not suggested what, if any, exculpatory evidence Hill might have offered that would have affected his decision to plead guilty. *Xie*, 62 Ohio St.3d at 524. Therefore, we find this argument also meritless.

{¶18} Finally, Dooley argues that trial counsel was ineffective for failing to argue that he unintelligently and unknowingly waived his *Miranda* rights since he

has a low IQ. Sergeant Pierce testified that he read the Pre-Interrogation Advice of Rights to Dooley prior to his interrogation and, when he asked Dooley if he understood what he was reading to him, Dooley responded, "[o]h, yes, this is the Miranda Warning." (Mar. 12, 2010 Tr. at 13). Sergeant Pierce also testified that Dooley had graduated from Bath High School, was able to read and write English, and appeared to understand his rights. (Id. at 13-14). Dr. Hustak's report noted that Dooley appeared to suffer from attention deficient disorder; however, Dooley had adequate verbal comprehension despite this attention problem. (Hustak Report at 12). Furthermore, we note that Dooley made a voluntary statement to law enforcement prior to arrest and interrogation that the penis in the picture was his. (Mar. 12, 2010 Tr. at 8); (Doc. No. 13). As such, we fail to see how trial counsel's failure to inquire about Dooley's ability to waive *Miranda* rights *at the interrogation* would have affected Dooley's decision to plead or not plead guilty since Dooley had already made incriminating statements prior to the interrogation. Therefore, this argument lacks merit.

**{¶19}** Dooley's first assignment of error is, therefore, overruled.

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT FAILED TO CONDUCT A PROPER CRIMINAL RULE 11 HEARING TO ASCERTAIN THAT DEFENDANT WAS COMPETENT TO ENTER A GUILTY PLEA THAT CARRIED ESSENTIALLY A LIFE SENTENCE GIVEN THE INFORMATION AVAILABLE TO THE COURT OF THE DEFENDANT'S LOW IQ.**

**{¶20}** In his second assignment of error, Dooley argues that the trial court did not conduct an adequate Crim.R. 11 hearing in light of his low IQ. We disagree.

**{¶21}** In determining whether to accept a no contest or guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and voluntarily entered the plea. Crim.R. 11(C); *State v. Johnson* (1988), 40 Ohio St.3d 130, 132-33, 532 N.E.2d 1295. To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C). *State v. Ballard* (1981), 66 Ohio St.2d 473, 480, 423 N.E.2d 115. The mere fact that a defendant has a low IQ does not prevent him or her from entering a valid change of plea. *State v. Zachery*, 5th Dist. No. 2004CA00091, 2004-Ohio-6282, ¶22.

**{¶22}** Upon review of the record herein, we hold that the trial court conducted a proper Crim.R. 11(C) dialogue. Throughout the Crim.R. 11(C) inquiry, the trial court repeatedly asked Dooley if he understood what he was being told and whether he had any questions. (Mar. 22, 2010 Tr., *passim*). Dooley repeatedly stated that he understood and had no questions. (Id.). The trial court also allowed Dooley to consult with trial counsel with his additional questions. (Id. at 12). After being fully informed of the rights he was forgoing by pleading guilty and the possible penalties involved, Dooley entered his pleas of guilty to the two rape charges pursuant to a written plea agreement. (Id. at 16). The written plea

agreement also provided Dooley with notice of his rights and the possible penalties involved. (Doc. No. 45). As such, Dooley's argument lacks merit.

**{¶23}** Dooley's second assignment of error is, therefore, overruled.

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**