[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 170.]

SPECIALTY RESTAURANTS CORPORATION ET AL., APPELLANTS, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Specialty Restaurants Corp. v. Cuyahoga Cty. Bd. of Revision,* 2002-Ohio-4032.]

*Taxation—Real property valuation—Complaint dismissed, when—"Filing" for purposes of the prohibition of R.C. 5715.19(A)(2) against a second filing in the same interim period, construed and applied.*

(No. 2001-1352—Submitted July 24, 2002—Decided August 21, 2002.)

APPEAL from the Board of Tax Appeals, No. 00-A-1588.

————————————

PER CURIAM.

{¶1} The city of Cleveland and Specialty Restaurants Corporation, as the owner and lessee respectively (collectively, "Specialty"), filed a complaint against the valuation of real property with the Cuyahoga County Board of Revision ("BOR") for tax year 1998. Shortly after Specialty filed its complaint, it requested the BOR to allow it to withdraw the complaint, and the BOR granted the request.

{¶2} Specialty filed another valuation complaint for the same property for tax year 1999. Specialty did not give notice of any of the four circumstances set forth in R.C. 5715.19(A)(2) and listed on the complaint form, which permit the filing of a second complaint in the same interim period.

{¶3} The Board of Education for the Cleveland Municipal School District ("BOE") filed a countercomplaint and a motion to dismiss Specialty's 1999 complaint. In its motion the BOE alleged that R.C. 5715.19(A)(2) prohibited Specialty's 1999 complaint as a second filing in the same interim period, which covered the tax years 1997, 1998, and 1999. The BOR granted the BOE's motion and dismissed Specialty's 1999 complaint.

**{¶4}** Specialty appealed to the Board of Tax Appeals ("BTA"), which affirmed the BOR's dismissal.

**{¶5}** This cause is now before this court upon an appeal as of right.

**{¶6}** Specialty contends that it may file a second complaint in the same interim period because it voluntarily withdrew the 1998 complaint before the BOR considered it. We disagree.

**{¶7}** R.C. 5715.19(A)(2) limits the number of complaints that can be filed in a three-year interim period. It states:

**{¶8}** "No person * * * shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period."

**{¶9}** In support of its contention, Specialty relies on *Gen. Elec. Co. v. Hamilton Cty. Bd. of Revision* (Apr. 9, 1999), Hamilton App. No. C-971012, 1999 WL 193346. General Electric filed a property valuation complaint for tax year 1993 and then withdrew it before the hearing. General Electric filed another complaint for tax year 1994. The Hamilton County Board of Revision dismissed the complaint for tax year 1994, finding that it was the second filing in the interim period. General Electric appealed to the Hamilton County Court of Appeals, which concluded that the board of revision must act on the complaint in some way before it is dismissed for the complaint to be considered filed. The Hamilton County Court of Appeals misinterpreted our opinion in *Elkem Metals Co., L.P. v. Washington Cty. Bd. of Revision* (1998), 81 Ohio St.3d 683, 693 N.E.2d 276.

**{¶10}** Elkem's first filed complaint was dismissed for jurisdictional reasons. Elkem filed another complaint the following year and argued that the first complaint was a nullity to be ignored because it had been dismissed for jurisdictional reasons. We disagreed. Our decision turned on the word "filed" contained in R.C. 5715.19(A)(2). We ruled that " '[a] paper is filed when it is

2

delivered to the proper official and by him received and filed.' " Id. at 687, 693 N.E.2d 276, quoting *United States v. Lombardo* (1916), 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897.

{¶11} R.C. 5715.19(A)(2) states, "No person * * * shall file a complaint * * * if it filed a complaint * * * for any prior tax year in the same interim period." When a statute is clear and unambiguous in its terms, we apply it, not interpret it. *Soltesiz v. Tracy* (1996), 75 Ohio St.3d 477, 479, 663 N.E.2d 1273. This statute is clear and does not need interpretation. We ruled as we did in *Elkem* because the property owner had delivered a prior complaint to the proper official, who received and filed it in the interim period. Whatever happens to a complaint after it is filed is irrelevant for the purposes of R.C. 5715.19(A)(2). If "a person, board, or officer" files a complaint in an interim period it may not file another complaint in the same interim period, unless one or more of the four statutory circumstances listed in R.C. 5715.19(A)(2) is alleged. Specialty's 1999 complaint was the second complaint it filed in the same interim period, and it did not establish any of the four circumstances that would permit it to file a second complaint in the same interim period.

{¶12} Accordingly, we hold that the decision of the BTA affirming the BOR's dismissal of Specialty's 1999 complaint was reasonable and lawful, and we affirm it.

Decision affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

————————————

**LUNDBERG STRATTON, J. dissenting.**

**{¶13}** I dissent from the majority's opinion. I do not believe that the legislature intended R.C. 5715.19(A)(2) to apply to withdrawn complaints that were never acted upon. The intent of R.C. 5715.19(A)(2) was to prohibit successive *challenges* to evaluations. When a complaint against the valuation of real property is withdrawn before any other action is taken, it is analogous to a complaint in a trial court that is voluntarily dismissed before service is perfected. Pursuant to Civ.R. 3(A), an action is not even commenced until service is perfected. No opposing party is harmed or even inconvenienced in either situation.

**{¶14}** I would follow the court of appeals' reasoning in *Gen. Elec. Co. v. Hamilton Cty. Bd. of Revision* (Apr. 9, 1999), Hamilton App. No. C-971012, 1999 WL 193346, which reversed a similar dismissal and allowed the refiled action to proceed. Applying that reasoning, I would reverse this case and allow the refiled action to proceed. We should interpret ambiguous statutes to allow access to the legal system, not impose technical roadblocks.

**{¶15}** Therefore, I respectfully dissent.

_____

Fred Siegel Co., L.P.A., and Annrita S. Johnson, for appellants.

Britton, McGown, Smith, Peters, Kalail Co., L.P.A., Karrie M. Kalail, David H. Seed and David A. Rose, for appellee Cleveland Municipal School District Board of Education.

_____