[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bortree*, Slip Opinion No. 2022-Ohio-3890.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3890

THE STATE OF OHIO, APPELLEE, *v*. BORTREE, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bortree*, Slip Opinion No. 2022-Ohio-3890.]

*Criminal law—Attempted aggravated murder and attempted murder—Statute of limitations—R.C. 2901.13—The statute of limitations for attempted aggravated murder and attempted murder is six years under R.C. 2901.13(A)(1)(a)—Court of appeals' judgment reversed and cause remanded to trial court to vacate judgment of conviction.*

(No. 2021-1254—Submitted June 16, 2022—Decided November 3, 2022.)

APPEAL from the Court of Appeals for Logan County,

No. 8-20-67, 2021-Ohio-2873.

_____

DONNELLY, J.

{¶ 1} This discretionary appeal asks us to determine the statute of limitations for attempted aggravated murder and attempted murder.  The issue is

whether R.C. 2901.13, which establishes the statutes of limitations for criminal offenses, provides any period of limitation for prosecuting attempted aggravated murder and attempted murder, since a prosecution for aggravated murder or murder has no period of limitation. We hold that under the plain language of R.C. 2901.13(A) and of R.C. 2923.02 (attempted crimes), the statute of limitations for attempted aggravated murder and attempted murder is six years. Therefore, we reverse the judgment of the Third District Court of Appeals.

## BACKGROUND

{¶ 2} In July 1993, 19-year-old Anita Clark was kidnapped at gunpoint by a stranger while she was driving to work in rural Logan County. Her abductor then drove Clark to a wooded area where he raped her. After the assault, the stranger cut Clark's throat with a knife and left her for dead by the side of the road. Clark survived and gave police a description of the perpetrator, the color, make, and model of his truck, and two letters on the truck's license plate. Logan County sheriff's deputies collected her shirt, which contained a mixture of Clark's and the stranger's DNA. Clark also related that her attacker allowed her to smoke one of his Marlboro Light cigarettes while she was in his truck. Law enforcement drew a sketch of her assailant based on her description of him. Law enforcement also had Clark review photos of possible suspects in the weeks that followed her abduction. These efforts did not result in an arrest. The case went cold until 2014.

{¶ 3} In 2014, a Logan County crime-scene-evidence technician reviewed Clark's case and submitted Clark's shirt to the Ohio Bureau of Criminal Investigation ("BCI") for DNA analysis, but that effort yielded no further evidence. In 2015, new technology available to BCI allowed for a better DNA profile, which rendered a CODIS[1] hit. The CODIS match showed that Clark's unknown assailant had committed a similar crime in 1992 in Sidney, Ohio. However, no name was

---

1. CODIS stands for Combined DNA Index System, a database of offender DNA maintained by the Federal Bureau of Investigation. *See* R.C. 2953.74(E).

associated with the perpetrator, and no further leads developed at that time. In 2019, law enforcement turned to a private company that performs genetic genealogy, a process that finds relatives of the DNA donor by comparing the donor's DNA with DNA profiles submitted to genealogy databases by consumers that use commercial DNA services. The genealogy company then gave Logan County law enforcement some names of Ohio residents who were related to Clark's assailant. From there, law enforcement winnowed the suspect list to two local men, including appellant, Ralph Bortree. Logan County Sheriff's Office detectives put Bortree under surveillance and collected cigarette butts that he had discarded at his workplace. DNA from the cigarette butts matched the DNA extracted from Clark's shirt. Subsequently, law enforcement obtained a search warrant and collected Bortree's DNA along with various items from his house, including a photo album that had a picture of Bortree with a truck matching Clark's description to law enforcement. He was arrested in August 2019 and was incarcerated while awaiting trial.

{¶ 4} Bortree was indicted for attempting to purposely cause the death of Clark during a kidnapping and rape. The indictment provided that his actions were "[a]ll in violation of Ohio Revised Code 2903.01(B) [aggravated-murder] and 2923.02(A) [attempted offenses], Attempted Aggravated Murder, *an aggravated felony of the first degree*." (Emphasis added.)

{¶ 5} The Logan County Prosecuting Attorney did not seek an indictment against Bortree for rape and kidnapping. At oral argument, the state acknowledged that the statute of limitations had run on the offense of rape, *see* R.C. 2901.13(A)(4). And the 20-year statute of limitations for kidnapping expired in 2013, *see* R.C. 2901.13(A)(3)(a).

{¶ 6} Bortree moved the Logan County Court of Common Pleas to dismiss the indictment because it had been filed 26 years after the offense was committed, while the statute of limitations requires prosecutions of most felonies to be

commenced within 6 years of the commission of the offense, *see* R.C. 2901.13(A)(1)(a). Appellee, the state of Ohio, opposed the motion, asserting that "there is no statute of limitations for any offense involving a violation of R.C. § 2903.01." The trial court overruled Bortree's motion, holding that by identifying crimes by statutory code number rather than common name in the statute of limitations for criminal prosecutions in R.C. 2901.13, the legislature intended to "increase the number of offenses as to which there is no limitation period to include any offenses to which the elements of the offenses contained in Sections 2903.01 [aggravated murder] or 2903.02 [murder] form a basis for prosecution." The court added that a six-year statute of limitations for such a serious crime was inconsistent with the lengthier limitation periods that the legislature had delineated for other, less serious, offenses.

{¶ 7} The state's trial against Bortree began in November 2020, and a jury found him guilty of attempted aggravated murder. The trial court declared the "maximum penalty prescribed by law" for attempted aggravated murder to be "a definite prison sentence of not less than three years and no more than 11 years." The court then sentenced Bortree to 11 years in prison, adding that a maximum term was appropriate for "this being the worst form of the offense." Bortree's sentence was reduced by the 488 days that he spent in custody before and during trial.

{¶ 8} Bortree appealed his conviction to the Third District Court of Appeals, asserting nine assignments of error. 2021-Ohio-2873, ¶ 24. In his first assignment of error, Bortree asserted, "The trial court erred by failing to dismiss this case, as it was initiated after the applicable statute of limitations had expired." *Id*. The court of appeals disagreed. It first cited R.C. 2901.13(A)(2), which states that there is "no period of limitation for the prosecution of" aggravated murder, R.C. 2903.01. It then concluded that "[t]his case straightforwardly involves the *prosecution* of a *violation* of R.C. 2903.01 through an attempt." (Emphasis sic.)

2020-Ohio-2873 at ¶ 31. The court of appeals overruled all of Bortree's assignments of error and affirmed the judgment of the trial court. *Id*. at ¶ 115.

{¶ 9} Bortree filed a discretionary appeal with this court. We accepted the following proposition of law for review: "The statute of limitations for attempted aggravated murder and attempted murder is six years under R.C. 2901.13(A)(1)(a)." *See* 165 Ohio St.3d 1493, 2021-Ohio-4515, 178 N.E.3d 526.

## LAW

### Standard of Review

{¶ 10} We begin with the standard of review. "[I]ssues of statutory construction constitute legal issues that we decide de novo on appeal." *New York Frozen Foods, Inc. v. Bedford Hts. Income Tax Bd. of Rev.*, 150 Ohio St.3d 386, 2016-Ohio-7582, 82 N.E.3d 1105, ¶ 8. In any case concerning the meaning of a statute, our focus is the text. " '[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous.' " *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St.3d 70, 2005-Ohio-3807, 831 N.E.2d 987, ¶ 38, quoting *BedRoc Ltd., L.L.C. v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004). "Thus, when a statute is unambiguous in its terms, courts must apply it rather than interpret it." *Id*.

### Relevant Statutes

{¶ 11} This case involves the interplay of several statutes. Bortree was indicted for attempting to violate R.C. 2903.01(B), the aggravated-murder statute, which proscribes "purposely caus[ing] the death of another * * * while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping [or] rape." Because the legislature has not identified a level of felony for it, aggravated murder is termed an unclassified felony. *See State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-

2671, 931 N.E.2d 110, ¶ 21. The penalty for committing aggravated murder is death or life imprisonment. R.C. 2929.02(A)(1)(a).[2]

**{¶ 12}** While not directly relevant to Bortree but nevertheless raised by his proposition of law, the murder statute, R.C. 2903.02, proscribes causing the death of another either "purposely," R.C. 2903.02(A), or "as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree," R.C. 2903.02(B). Murder is also an unclassified felony. *See McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241, 91 N.E.3d 749, ¶ 3.

**{¶ 13}** R.C. 2923.02, the statute defining crimes attempted but not completed, delineates the levels for such offenses for sentencing purposes. R.C. 2923.02(E)(1) reads, "An attempt to commit aggravated murder, murder, or an offense for which the maximum penalty is imprisonment for life *is a felony of the first degree*." (Emphasis added.) R.C. 2923.02(E)(4) reads, "If a person is convicted of or found guilty of an *attempt to commit aggravated murder* of the type described in division (E) or (F) of section 2903.01 of the Revised Code, the court shall impose as a mandatory prison term one of the prison terms prescribed for a *felony of the first degree*." (Emphasis added.) Here, the trial court consulted the sentencing statute for a first-degree felony, which authorized a prison sentence of up to 11 years. This is the sentence that the trial court applied to Bortree. The trial court did not address the sentencing statute that pertains to unclassified felonies.

**{¶ 14}** The relevant statute of limitations, R.C. 2901.13(A), provides:

(1) Except as provided in division (A)(2), (3), or (4) of this section or as otherwise provided in this section, a prosecution shall

---

2. R.C. 2929.03(A)(1) allows a trial court to impose a life sentence with parole eligibility after 20, 25, or 30 years under certain circumstances.

be barred unless it is commenced within the following periods after an offense is committed:

> (a) For a felony, six years;
>
> * * *
>
> (2) There is no period of limitation for the prosecution of a violation of section 2903.01 [aggravated murder] or 2903.02 [murder] of the Revised Code.

{¶ 15} The question before us is whether R.C. 2901.13(A)(1)(a) or (2) applies to these facts. Bortree argues that resolution of the issue is simple: the legislature unambiguously set six years as the statute of limitations for attempted aggravated murder and attempted murder, and therefore no further inquiry is necessary. The state maintains that Bortree was prosecuted under the aggravated-murder statute, R.C. 2903.01, because that statute was explicitly mentioned in the indictment. The state claims, "The Defendant was convicted of violating both R.C. §2903.01 and §2923.02. **The Defendant was clearly and unambiguously prosecuted for a violation of §2903.01.**" (Boldface sic.) Finally, the state urges us to resolve any doubts by considering both the context and rationale of the relevant statutes. It notes that the legislature has specifically directed that the statute of limitations for various attempted offenses, including burglary, is 20 years. *See* R.C. 2901.13(A)(3)(a) and (b). And as the court of appeals noted, attempted sexual battery has a statute of limitations of 25 years under R.C. 2901.13(A)(4). 2021-Ohio-2873 at ¶ 32. Citing R.C. 1.47—which requires us to presume that the legislature intended "[a] just and reasonable result" when enacting a statute—the state asserts that the interpretation by the trial court and the Third District Court of Appeals is the only one that complies with the overall scheme of limitations in R.C. 2901.13. A six-year statute of limitations for the more serious crime of attempted

aggravated murder is an absurd result that the legislature cannot have intended, says the state.

*Analysis*

{¶ 16} When a statute is unambiguous, courts must "apply it, not interpret it." *Specialty Restaurants Corp. v. Cuyahoga Cty. Bd. of Revision,* 96 Ohio St.3d 170, 2002-Ohio-4032, 772 N.E.2d 1165, ¶ 11. We find no ambiguity here. As recited above, Bortree was indicted for attempted aggravated murder. Contrary to the position of the state, Bortree was not prosecuted for aggravated murder pursuant to R.C. 2903.01, for the obvious reason that the victim had not been killed. A prosecution under R.C. 2903.01 requires both the intent and the consequence, i.e., "purposely cause *the death* of another." (Emphasis added.)

{¶ 17} The aggravated-murder statute appears in the indictment merely to inform Bortree of the crime that he was alleged to have attempted. The jury did not find him guilty of aggravated murder, and the trial court did not rule that he had committed an unclassified felony nor sentence him to death or life in prison, *see* R.C. 2929.02(A). While all the components in the preceding sentence are part of a successful aggravated-murder prosecution, neither the trial court nor the court of appeals asserted that they were appropriate in Bortree's case. This is so because Bortree was not prosecuted for aggravated murder.

{¶ 18} Instead, the prosecution followed all the statutory requirements suitable for an attempted-felony offense rather than aggravated murder. The indictment identified the offense as a first-degree felony, not an unclassified felony. For sentencing, the trial court properly consulted the sentencing statute specifically applicable to attempted-aggravated-murder convictions, rather than R.C. 2929.02(A), which sets the punishment for aggravated murder. The statutes addressing these procedures are clear.

{¶ 19} It follows, then, that to determine the statute of limitations for attempted aggravated murder, the applicable statutes are those pertaining to

classified, rather than unclassified, felonies. R.C. 2901.13(A) leaves no ambiguity about which provision applies. R.C. 2901.13(A)(2) states that there shall be no statute of limitations for a prosecution of aggravated murder or murder. But because Bortree was not prosecuted for aggravated murder or murder, that provision does not apply. R.C. 2901.13(A)(3) and (4) set the statute of limitations for the prosecution of certain designated felonies at either 20 or 25 years, but attempted aggravated murder is not one of those listed offenses. Consequently, the statute of limitations for attempted aggravated murder, Bortree's crime, is six years. R.C. 2901.13(A)(1)(a). Bortree's prosecution was therefore barred by the statute of limitations, and the trial court should have granted his motion to dismiss.

## CONCLUSION

{¶ 20} Under the particularly heinous set of facts in this case, the six-year statute of limitations that applies to attempted aggravated murder and attempted murder works a grave injustice. However, we have no authority to rewrite the statute. "Because the General Assembly is the final arbiter of public policy, judicial policy preferences may not be used to override valid legislative enactments." *State ex rel. Tritt v. State Emp. Relations Bd.*, 97 Ohio St.3d 280, 2002-Ohio-6437, 779 N.E.2d 226, ¶ 17. We are, unfortunately, duty bound to reverse the judgment of the Third District Court of Appeals, and we remand the cause to the trial court to vacate Bortree's judgment of conviction.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, DEWINE, and BRUNNER, JJ., concur.

FISCHER and STEWART, JJ., concur in judgment only.

—————————

Eric C. Stewart, Logan County Prosecuting Attorney, for appellee.

The Tyack Law Firm Co., L.P.A., James P. Tyack, and Holly B. Cline, for appellant.

_____