[Cite as *State v. Graley*, 2023-Ohio-1535.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

THOMAS JOE GRALEY,

        Defendant-Appellant.

CASE NO. 2022-A-0088

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00504

# O P I N I O N

Decided: May 8, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Thomas Joe Graley, appeals from his conviction and sentence for Aggravated Murder in the Ashtabula County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2} On December 3, 2021, Graley was indicted by the Ashtabula County Grand Jury for Aggravated Murder, an unclassified felony, in violation of R.C. 2903.01(A) and R.C. 2929.02(A); and Murder, an unclassified felony, in violation of R.C. 2903.02(B) and R.C. 2929.02(B).

{¶3} On December 10 and 13, 2021, Graley filed Motions to Determine

Competence to Stand Trial. The court ordered a forensic examination to be completed. A competency hearing was held on February 28, 2022, at which counsel for both sides stipulated to the contents of the competency evaluation which found Graley was not competent to stand trial but there was a substantial probability he could be restored to competency following treatment. The court issued a Judgment Entry finding Graley incapable of assisting in his defense and ordering that he undergo treatment at a mental health facility. On June 9, 2022, a hearing was held following completion of a second forensic examination. The parties stipulated as to the "admissibility and application of the competency evaluation," and the court found that Graley was competent to stand trial.

{¶4} Defense counsel subsequently sought and received appointment of an investigator to aid in Graley's defense, as well as moved to inspect evidence relating to the case.

{¶5} A Written Plea of Guilty and Plea Agreement was filed on October 26, 2022. Graley entered a plea of guilty to Aggravated Murder as charged in the indictment and the Murder charge was dismissed. The parties indicated they agreed to a sentence of 25 years to life in prison. The State indicated that Graley killed his girlfriend after the two had argued and observed that he had a history of domestic abuse. The victim died as a result of several injuries, including multiple blunt force trauma injuries.

{¶6} At the plea hearing, the court explained to Graley the potential term of incarceration. The court advised Graley of the rights waived by his entry of a guilty plea. It determined that Graley knowingly and voluntarily waived his rights and accepted his guilty plea.

{¶7} The matter proceeded directly to sentencing and Graley waived a presentence investigation. Defense counsel requested the court adopt the agreed sentence. A victim advocate read statements from family members of the victim. The court stated that it had considered the record and statements of the victim's family and accepted the stipulated sentence. It ordered Graley to serve a term of 25 years to life in prison. This sentence was memorialized in an October 27, 2022 Judgment Entry.

{¶8} On January 3, 2023, counsel filed Graley's appellate brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel represented that he had reviewed the record, found "no meritorious issues" upon which to base an appeal, and moved to withdraw. This court granted Graley 30 days in which "to file his own submission, if he so chooses, which raises any arguments in support of the appeal." Appellate counsel's request to withdraw was held in abeyance. Graley has not filed any further brief or memorandum in support of his appeal.

{¶9} In *Anders,* the United States Supreme Court outlined the proper steps to be followed in this situation: "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; * * * the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; * * * counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses." *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶ 5, citing *Anders* at 744. The appellate court must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders* at 744. "Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the

3

court proceed to consider the appeal on the merits without the assistance of counsel." *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Accordingly, we will proceed to conduct a review of the record, pursuant to *Anders*.

{¶10} In his brief, counsel raises one potential area for review which may arguably support the appeal: "The trial court erred in imposing a prison sentence greater than the minimum prison sentence on defendant-appellant, Thomas Joe Graley." Counsel concludes this error lacks merit, observing that there was a jointly agreed sentence and Graley has no right to a particular sentence within the statutorily authorized range.

{¶11} Graley and the State recommended to the court a jointly agreed sentence of 25 years to life for Aggravated Murder. It has been held that a jointly agreed sentence for Aggravated Murder, as with other offenses, is precluded from appellate review. *State v. Merrick*, 2d Dist. Greene No. 2019-CA-29, 2020-Ohio-3744, ¶ 63. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1); *State v. Fortune*, 2015-Ohio-4019, 42 N.E.3d 1224, ¶ 14 (11th Dist.). "[A]ppellant's sentence is only authorized by law if it comports with all mandatory sentencing provisions." *State v. McFarland,* 11th Dist. Lake No. 2013-L-061, 2014-Ohio-2883, ¶ 14.

{¶12} All of those factors are met here. Pursuant to R.C. 2929.02(A), the penalty for "aggravated murder in violation of section 2903.01 of the Revised Code" is death or life imprisonment. However, "R.C. 2929.03(A)(1) allows a trial court to impose a life sentence with parole eligibility after 20, 25, or 30 years under certain circumstances," i.e., where the indictment charging Aggravated Murder does not contain aggravating

4

circumstances specifications under R.C. 2929.04. *State v. Bortree*, __ Ohio St.3d __, 2022-Ohio-3890, __ N.E.3d __, ¶ 11, fn. 2. Since Graley was charged with Aggravated Murder without aggravating circumstances, R.C. 2929.03(A)(1)(a) through (d) provide for penalties of life in prison or life with parole eligibility after 20, 25, or 30 years imprisonment. Graley's sentence was authorized under the law. The court complied with the law and also imposed the sentence that was recommended jointly by the prosecutor and Graley. Such sentence is not subject to further review.

{¶13} Further, while the *Anders* brief references review of the sentence under R.C. 2953.08, which provides for review of felony sentences on various grounds including that the sentence is "contrary to law," it does not allow review of a sentence for Aggravated Murder. R.C. 2953.08(D)(3) ("[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section"); *State v. Thomas*, 11th Dist. Lake No. 2019-L-085, 2021-Ohio-3175, ¶ 7-8. Thus, we also need not conduct a sentencing review under R.C. 2953.08. We observe that this provision does not prohibit an appeal of a sentence for aggravated murder which is based on constitutional grounds. *State v. Patrick*, 164 Ohio St. 3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 22. Graley does not advance any constitutional issues for review, nor do we find any constitutional errors relating to Graley's sentence.

{¶14} A further review of the record reveals no other meritorious issues for review.

{¶15} As to further issues that could be raised in relation to sentencing, the court complied with all relevant requirements for sentencing under Crim.R. 32, including allowing allocution and presentation of victim statements and notifying Graley of any pertinent rights relating to an appeal. There was also no error in relation to a presentence

5

investigation report, as "a PSI is not required where community control is not ordered or where it is waived by the defendant and prosecutor." *State v. Tillis*, 2023-Ohio-673, __ N.E. 3d __, ¶ 34 (11th Dist.).

{¶16} We also find no errors relating to the entry and acceptance of Graley's plea. Prior to the entry of Graley's guilty plea, he moved for a determination of his competency and was found incompetent to stand trial. He was provided treatment and it was subsequently found that he was restored to competence. We do not find any meritorious issues for review in relation to his competence to enter his guilty plea.

{¶17} As to the issue of competency, "a trial court does not abuse its discretion in finding a defendant competent where its findings of competency are supported by some reliable, credible evidence." *State v. Spurrier*, 11th Dist. Lake No. 2020-L-069, 2021-Ohio-1061, ¶ 42. "The constitutional standard for assessing a defendant's competency to enter a guilty plea is the same as that for determining his competency to stand trial." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 56. A defendant must have "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding'" and "'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

{¶18} The parties stipulated as to the "admissibility and application of the competency evaluation." The court relied on the evaluation in determining that Graley was competent to stand trial. The evaluation supports this finding and demonstrates that

6

he was able to understand the proceedings and consult with his attorney. Thus, he was competent to enter a plea of guilty.

{¶19} Further, a review of the plea hearing proceedings support this conclusion and reveal that his plea was entered knowingly and voluntarily. *See State v. Zachery*, 5th Dist. Stark No. 2004CA00091, 2004-Ohio-6282, ¶ 21 (defendant's competence to enter a guilty plea was supported by his actions in executing a change of plea form and expression that he understood his rights during the plea hearing). The court complied with the requirements of Crim.R. 11 in accepting the plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29 ("[t]he best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R.11 when deciding whether to accept a plea agreement").

{¶20} Pursuant to Crim.R. 11(C)(2), when a defendant pleads guilty to a felony offense, the trial court must address the defendant personally and inform him of his constitutional and non-constitutional rights prior to accepting his plea. The court was required to inform Graley of the effect of a guilty plea and that the court may proceed to judgment and sentencing, which it did in compliance with Crim.R. 11(C)(2)(b). Further, the court was required to inform him of the waiver of the right to a jury trial, to confront witnesses, to summon witnesses, not to be compelled to testify, and to have the state prove his guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c). The transcript indicates the court advised Graley of each of these rights and he indicated his understanding of such rights. The court explained the charges and potential sentences faced by Graley, as required by Crim.R. 11(C)(2)(a). There is nothing in the record to indicate that the plea was not entered knowingly and voluntarily or without proper advisement of Graley's rights.

7

{¶21} Finally, we note that "an appellant's plea of guilty waives his or her right to assert an ineffective assistance claim unless counsel's errors affected the knowing and voluntary character of the plea." *State v. Green*, 11th Dist. Trumbull No. 2017-T-0073, 2018-Ohio-3536, ¶ 19. We discern nothing in the record showing counsel made any errors impacting the voluntary entry of Graley's guilty plea.

{¶22} Having thus duly conducted an independent review of the record, we conclude that the present appeal is wholly frivolous and there are no arguable issues necessitating the appointment of new counsel. Counsel's Motion to Withdraw is granted and the judgment of the Ashtabula County Court of Common Pleas is affirmed.

JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2022-A-0088