OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from an order entered in the Montgomery County Common Pleas Court suspending the further execution of the sentence imposed by that court upon defendant-appellee Jody James Smith for two counts of Aggravated Robbery, and placing Smith on community control following his release from prison. The State contends that the trial court erred by considering Smith's motion, because it failed to aggregate the sentence that had been imposed by the Montgomery County Common Pleas Court, a total of four years imprisonment, with a five-year sentence of imprisonment imposed by the Clermont County Common Pleas Court, which that court ordered to be served consecutively with the Montgomery County sentence. If those sentences are aggregated for purposes of determining when Smith could file a motion for judicial release, then his motion was premature.
 {¶ 2} We conclude that the trial court correctly considered only the aggregate sentence imposed by the Montgomery County Common Pleas Court for purposes of determining the stated prison term. Accordingly, the trial court did not err, and its order of judicial release is affirmed.
 I {¶ 3} In late December, 2000, Smith pled guilty to two counts of Aggravated Robbery in Montgomery County, and was sentenced by the Montgomery County Common Pleas Court to four years incarceration on each count, to be served concurrently, for a total prison term of four years. At that time, charges were pending in Clermont County. In that case, Smith subsequently pled guilty to Robbery, and was sentenced to five years imprisonment, to be served consecutively with his sentence in Montgomery County, for a total incarceration of nine years.
 {¶ 4} In May, 2003, Smith filed a motion for judicial release in the Montgomery County Court of Common Pleas, and requested a hearing. The State took the position that Smith's motion was premature, because, under the statute, where the stated prison term is more than five years, but not more than ten years, an offender eligible for judicial release may only file a motion for judicial release after he has served five years of the stated prison term. The trial court disagreed with the State, and the State took an immediate appeal. We dismissed that appeal as premature. Thereafter, the trial court granted Smith's motion for judicial release. The State appeals from that order.
 II {¶ 5} The State's sole assignment of error is as follows:
 {¶ 6} "The trial court lacked the authority to grant smith's motion for judicial release because the motion was not filed within the required statutory time limits."
 {¶ 7} The State relies upon R.C. 2929.20(B), which provides, in pertinent part, as follows:
 {¶ 8} "Upon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
 {¶ 9} "(1) * * *
 {¶ 10} "(2) Except as otherwise provided in division (B)(3) or (4) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.
 {¶ 11} "(3) * * *
 {¶ 12} "(4) If the stated prison term is more than five years and not more than ten years, the eligible offender may file the motion after the eligible offender has served five years of the stated prison term.
 {¶ 13} "(5) * * * *."
 {¶ 14} Smith contended, and the trial court agreed, that R.C.2929.20(B)(2) applied, so that he could file his motion any time after 180 days of incarceration in prison. The State contended that R.C.2929.20(B)(4) applies to Smith, by virtue of R.C. 2929.01(GG), which provides, in pertinent part, as follows:
 {¶ 15} "`Stated prison term' means the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court pursuant to section 2929.14 or 2971.03 of the Revised Code."
 {¶ 16} The State contends that the prison terms imposed by both the Montgomery County and Clermont County common pleas courts should be combined for purposes of determining the "stated prison term," which would result in the stated prison term being nine years, thereby causing R.C. 2929.20(B)(4) to apply, with the result that Smith's motion for judicial release was premature.
 {¶ 17} We cannot give the statute this construction. Both in R.C.2929.20 and in R.C. 2929.01(GG) the phrase "the sentencing court" is in the singular. Only one court is being referred to. Furthermore, we doubt that the General Assembly intended to give any trial court other than the trial court that imposed the sentence the authority to reduce the offender's stated prison term. If we were to give the statute the construction the State is seeking, in which the phrase "the sentencing court" is construed as including all courts that have imposed sentences upon the offender, then we could contemplate a situation where one court, the Montgomery County Common Pleas Court, for example, has imposed a one-year sentence of imprisonment, and another court, the Clermont County Common Pleas Court, for example, has imposed an eight-year sentence of imprisonment, with the sentences to be served consecutively, then, five years into the offender's sentence, either court, including, for example, the Montgomery County Common Pleas Court, could reduce the aggregate prison term imposed by both courts, and release the offender. We cannot believe that the General Assembly intended that result.
 {¶ 18} The use of the singular number in the phrase "the sentencing court" indicates to us that the General Assembly intended exactly what happened in this case. The Montgomery County Common Pleas Court reduced its own, four-year sentence, by suspending its further execution, and ordered Smith placed on community control upon the completion of his Clermont County sentence.
 {¶ 19} The State points out that if the phrase "the sentencing court" is construed to refer, in the singular, to the common pleas court that imposed the sentence with respect to which a motion for judicial release is filed, then an individual who commits robberies in two counties, and is sentenced to four years imprisonment for each robbery, to be served consecutively, for a total of eight years, could petition each sentencing court for judicial release after just six months, whereas an offender committing two similar robberies in just one county, and receiving two four-year sentences, to be served consecutively, would have to wait five years before filing a motion for judicial release. We understand the State's argument, but conclude that it is better addressed to the General Assembly.
 {¶ 20} The construction urged by the State — that we should ignore the use of the singular in the phrase "the sentencing court," and construe that phrase as encompassing all sentencing courts — leads to the at least equally bizarre result that any one of several courts imposing sentence could grant judicial release excusing the offender from further service of all sentences imposed by other courts.
 {¶ 21} The State's sole assignment of error is overruled.
 III {¶ 22} The State's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Grady, JJ., concur.