[Cite as *State v. Chike*, 2015-Ohio-3278.]

STATE OF OHIO            )            IN THE COURT OF APPEALS
                         )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN         )

STATE OF OHIO                         C.A. Nos.    14CA010664
                                                   14CA010665
    Appellant                                      14CA010666

    v.

PAUL CHIKE                           APPEAL FROM JUDGMENT
                                     ENTERED IN THE
    Appellee                         COURT OF COMMON PLEAS
                                     COUNTY OF LORAIN, OHIO
                                     CASE Nos.    09CR077627
                                                  09CR079338

DECISION AND JOURNAL ENTRY

Dated: August 17, 2015

HENSAL, Presiding Judge.

{¶1}   The State of Ohio appeals an order of the Lorain County Court of Common Pleas granting Paul Chike's motion for judicial release.  For the following reasons, this Court reverses.

I.

{¶2}   In 2009, Mr. Chike pleaded guilty to offenses in two different cases.  In case number 09CR079338, he pleaded guilty to violating a protection order, domestic violence, aggravated trespass, and obstructing official business.  In case number 09CR077627, he pleaded guilty to felonious assault.  The trial court sentenced him to four years imprisonment in each case.  It ordered the sentences to run consecutive to each other for a total prison term of eight years.

{¶3}   In March 2014, Mr. Chike moved for judicial release under Revised Code Section 2929.20.  At a hearing on the motion, the State argued that Mr. Chike was not eligible for

judicial release because his aggregate prison term was eight years. The trial court disagreed, reasoning that, because Mr. Chike's sentences were from "two different files," it had authority to consider his motion, which it granted. The State has appealed, assigning as error that the trial court incorrectly granted Mr. Chike judicial release.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING PAUL CHIKE JUDICIAL RELEASE BEFORE HE WAS ELIGIBLE TO FILE FOR JUDICIAL RELEASE PURSUANT TO R.C. 2929.20(C)(4).

{¶4} The State argues that the trial court incorrectly concluded that Mr. Chike was eligible for judicial release. Section 2929.20(C) outlines when an offender may move for judicial release. If the offender's "aggregated nonmandatory prison term or terms" is at least two years but less than five years, the offender may file a motion for judicial release "not earlier than one hundred eighty days after the offender is delivered to a state correctional institution * * *." R.C. 2929.20(C)(2). If the offender's aggregated nonmandatory prison term or terms is between five and ten years, however, the offender may file his motion "not earlier than five years" after he is delivered to prison. R.C. 2929.20(C)(4).

{¶5} The trial court sentenced Mr. Chike to four years imprisonment in both of his cases for a total sentence of eight years. Mr. Chike moved for judicial release four years and two months into his sentence. The question is whether Mr. Chike's "aggregated nonmandatory prison term or terms" under Section 2929.20 means the aggregate prison term of all of his sentences from both cases or only the aggregate term he received for the offenses he committed in each separate case.

{¶6} At the time of sentencing, Section 2929.14(E)(6) provided that, "[if] consecutive prison terms are imposed pursuant to division (E)(1), (2), (3), (4), or (5) or division (J)(1) or (2)

of this section, the term to be served is the aggregate of all of the terms so imposed." A logical reading of that provision indicates that Mr. Chike had an aggregate prison term of eight years. We also note that Section 2929.20(C) repeatedly refers to an offender's aggregate "term or terms," suggesting that it includes both an offender's aggregate "term" in one case as well as the aggregate of his "terms" in multiple cases. We, therefore, conclude that, although Mr. Chike received only a four-year sentence in case number 09CR079338 and a four-year sentence in case number 09CR077627, his "aggregated nonmandatory prison term or terms" for purposes of Section 2929.20 was the total of all of the sentences from both cases, which was eight years. *See State v. Strunk*, 12th Dist. Warren No. CA2012-03-023, 2012-Ohio-5013, ¶ 16. Accordingly, he was not eligible to move for judicial release until "not earlier than five years" after he was delivered to prison. R.C. 2929.20(C)(4). Because Mr. Chike moved for judicial release before he had completed five years of his sentence, we conclude that the trial court did not have authority to grant his motion. *See Strunk* at ¶ 19. The State's assignment of error is sustained.

### III.

{¶7} The trial court incorrectly granted Mr. Chike's motion for judicial release. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellant.

PAUL CHIKE, pro se, Appellee.