[Cite as *State v. Kennedy*, 2023-Ohio-3078.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 22AP-534 (C.P.C. No. 14CR-514) and |
| v. | : | No. 22AP-536 (C.P.C. No. 14CR-834) |
| Chelsie N. Kennedy, | : | |
| Defendant-Appellee. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on August 31, 2023

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Darren M. Burgess*, for appellant. **Argued:** *Darren M. Burgess.*

**On brief:** *Steven Nolder*, for appellee. **Argued:** *Steven Nolder.*

APPEALS from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from judgments of the Franklin County Court of Common Pleas granting the motion for judicial release filed by defendant-appellee, Chelsie N. Kennedy, in two cases.[1]  For the reasons that follow, we affirm.

I. Facts and Procedural History

{¶ 2} These appeals concern the operation of the R.C. 2929.20 judicial release waiting period requirements where the sentencing judge orders the offender's prison term to run consecutively to a prison term previously imposed by another judge of the same common pleas court in a separate case.  In the instant cases, in 2014 appellee was charged,

---

[1] These appeals were consolidated for review on September 7, 2022.

under three different case numbers, with committing multiple armed robberies throughout Franklin County.  Appellee resolved each case by entering guilty pleas as follows.

{¶ 3}    In Franklin C.P. No. 14CR-769, assigned to Judge Richard Sheward, appellee pled guilty to 2 counts of robbery, felonies of the second degree, along with a firearm specification.  Judge Sheward sentenced her to 8 years' incarceration on both counts to be served concurrently to each other and consecutive to the 1 year firearm specification.  The prison sentence in case No. 14CR-769 thus totaled 9 years. Judge Sheward certified appellee had 171 days of jail-time credit.

{¶ 4}    A few months later, appellee also entered guilty pleas in Franklin C.P. Nos. 14CR-514 and 14CR-834, both assigned to Judge Timothy Horton.  In case No. 14CR-514, appellee pled guilty to 1 count of robbery as a second-degree felony, and Judge Horton sentenced her to 5 years'[2] incarceration for that crime.   In case No. 14CR-834, appellee pled guilty to 6 counts of robbery, all second-degree felonies, and a firearm specification. Judge Horton sentenced her to a total of 6 years' incarceration consisting of 5 years on each count of robbery, to be served concurrently to each other, and a 1 year mandatory term for the firearm specification to be served consecutively with and prior to the term imposed for the robberies.  Judge Horton ran the sentences imposed for case Nos. 14CR-514 and 14CR-834 concurrently to each other, for a 6 year term, and consecutively to the 9 year term previously imposed by Judge Sheward in case No. 14CR-769.  Judge Horton's sentencing entries state the "total prison time is fifteen (15) years." (Emphasis omitted.) (Jan. 9, 2015 Sentencing Entries at 2.) Judge Horton certified in his January 9, 2015 sentencing entries that appellee had 158 days of jail-time credit.

{¶ 5}    The record contains a Notice of New Calculation of Sentence dated January 28, 2015 issued by the Ohio Department of Rehabilitation and Correction ("ODRC").  It states appellee's admission date was August 22, 2014 and indicates her sentence across the 3 case numbers is "2 GUN+ 13.00 TERM" with 355 days of jail-time credit for a calculated release date of August 27, 2028.  (ODRC Notice at 1.)

---

[2] The original sentencing entries in case Nos. 14CR-514 and 14CR-834 state a 6year term for each count of robbery. Judge Horton resentenced appellee in January 2015 to correct her sentencing entries to state a 5 year prison sentence in case No. 14CR-514 and, in case No. 14CR-834 a 5 year sentence for each count with a 1 year firearm specification.

{¶ 6} On October 25, 2021, appellee moved for judicial release, pursuant to R.C. 2929.20[3] in case Nos. 14CR-514 and 14CR-834, which had been reassigned to Judge Chris Brown. In her motion, appellee argued she was an eligible offender under former R.C. 2929.20(C)(3), which permits an eligible offender serving an aggregated nonmandatory prison term (or terms) of five years to file a motion for judicial release not earlier than the date on which the offender served four years of the offender's stated prison term or, if the prison term includes a mandatory prison term, not earlier than four years after the expiration of all mandatory prison terms.

{¶ 7} The state filed a memorandum contra appellee's motion for judicial release contending the motion was premature. Citing to R.C. 2929.01(FF) and *State v. Smith*, 2d Dist. No. 20172, 2004-Ohio-3573, the state argued that a singular sentencing court imposes a "stated prison term," and that appellee's eligibility for early release must be determined by the two sentencing courts. (Memo Contra at 2, 4.) According to the state, appellee had not yet served the nine-year sentence imposed by Judge Sheward in case No. 14CR-769 and "will not have done so until January of 2023." (Memo Contra at 2.) After appellee serves the sentence in case No. 14CR-769, the state asserted she will need to then serve five years of the six-year term imposed in case Nos. 14CR-514 and 14CR-834 since she has a mandatory one-year term for the firearm specification. As a result, in the state's view, appellee will not be eligible to request judicial release until August 2027, inclusive of jail-time credit. The state additionally contended the factors reflecting the seriousness of the offense did not support early release.

{¶ 8} Appellee filed a supplemental memorandum in support of the motion for judicial release on January 24, 2022 adding the argument that she also met the waiting period in former R.C. 2929.20(C)(5), which permits an eligible offender serving an aggregated nonmandatory prison term of more than 10 years to file a motion for judicial

---

[3] Appellee applied for judicial release under the former version of R.C. 2929.20, which was effective March 22, 2019. A new version of R.C. 2929.20, effective April 6, 2023, adds, among other items, language pertaining to state of emergency-qualifying offenders but otherwise is substantively the same on the issues pertinent to these appeals. R.C. 2929.20(C)(3), (4), and (5), discussed in these appeals, are now renumbered as R.C. 2929.20(C)(1)(c), (d), and (e) in the current statute. Former R.C. 2929.20(A)(6) is now R.C. 2929.20(A)(8) but is otherwise identical to the prior version. R.C. 2929.20(J) retains its numbering in the 2023 statute but incorporates some language adjustments.

release not earlier than the later of the date on which the offender has served one-half of the offender's stated prison term or the date specified in (C)(4) of the same section. Appellee agreed the definition of "stated prison term" in R.C. 2929.01(FF)(1) means "the entire sentencing package imposed by a single court." (Supp. Memo. at 3.) However, she argued the court in *Smith* did not consider the "interplay" of that definition with the judicial release statute, which focuses on "aggregated" prison term or terms. (Supp. Memo. at 3.) Applied to appellee's cases, she contends her aggregate sentence is 15 years, 13 of which is nonmandatory and 2 of which are mandatory. Therefore, in appellee's view, because the aggregated nonmandatory prison term is more than 10 years, former R.C. 2929.20(C)(5) applies, and she is eligible under that section since she has served more than one-half the total prison term.

{¶ 9} The state filed a combined motion to cancel the judicial release hearing and response to appellee's supplemental memorandum. The state noted that, on January 27, 2022, appellee's motion for judicial release filed in case No. 14CR-769, which was since reassigned to Judge David Young, had been denied. The state reiterated that appellee would not complete her sentence in case No. 14CR-769 until January 2023, and that Judge Horton ordered the sentences in case Nos. 14CR-514 and 14CR-834 to be served consecutively to case No. 14CR-769. The state additionally cited to a recent case in the Franklin County Court of Common Pleas where a judge denied a motion for judicial release after holding it was not appropriate to calculate aggregate sentences across two separate Franklin County trial courts to deem an offender eligible for release.

{¶ 10} On August 4, 2022, Judge Brown held a hearing on appellee's motion for judicial release as well as another motion she filed asking to withdraw her guilty pleas. Following the hearing, on August 10, 2022, Judge Brown issued a decision and order granting appellee's motion for judicial release in case Nos. 14CR-514 and 14CR-834. He determined the language of R.C. 2929.01(FF), former 2929.20(B), and former (C) to be "a clear, plain, and an unambiguous expression of the General Assembly's intent for a single 'sentencing court' to consider judicial release." (Aug. 10, 2022 Decision at 5.) Judge Brown adopted the reasoning of the *Smith* case, found "the instant cases constitute the sentence of a single 'sentencing court' " under the statute, and concluded appellee is eligible for

judicial release under former R.C. 2929.20(A) and (C)(4). (Aug. 10, 2022 Decision at 5.) After considering a pre-sentence investigation ("PSI") and the institutional report summary generated by ODRC, the court further determined judicial release to be appropriate under former R.C. 2929.20(J). The court noted the decision "applie[d] to Case Nos. 14CR-514 and 14CR-834" and "has no impact on the sentence imposed in 14CR-769." (Aug. 10, 2022 Decision at 8.) Decision and entries filed the following day under case Nos. 14CR-514 and 14CR-834 suspend appellee's sentences and place appellee on community control for three years. The entries indicate "the term of community control shall commence upon [appellee's] release from ODRC in Case No. 14CR-769." (Emphasis omitted.) (Aug. 11, 2022 Decision and Entry at 1.)

{¶ 11} The state filed a timely notice of appeal.

## II. Assignments of Error

{¶ 12} The state assigns the following two assignments of error for our review:

> I. The trial court erred in granting the Appellee immediate judicial release upon completion of her sentence in 14CR-769, as she has not served her mandatory firearm specification nor is she eligible to apply for release in either 14CR-514 or 14CR-834.
>
> II. The trial court did not make the necessary findings to release a second degree felon.

## III. Appellate Jurisdiction and Standard of Review

{¶ 13} The state may appeal, as a matter of right, a trial court's decision to grant judicial release to an offender sentenced for a felony of the first or second degree. *State v. Williams*, 10th Dist. No. 10AP-55, 2010-Ohio-4519, ¶ 9, citing R.C. 2953.08(B)(3); *State v. Gilbert*, 12th Dist. No. CA2022-02-021, 2022-Ohio-3387, ¶ 15. The standard of review applied by an appellate court in reviewing a trial court's decision to grant judicial release is found in R.C. 2953.08(G)(2). *State v. Nichter*, 10th Dist. No. 18AP-230, 2019-Ohio-279, ¶ 18. Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence on appeal if it determines by " 'clear[] and convincing[]' " evidence " '[t]hat the record does not support the sentencing court's findings' " under relevant statutes or " '[t]hat the sentence is otherwise contrary to law.' " (Emphasis omitted.) *Id.*, quoting R.C.

2953.08(G)(2). "The standard of review for questions of statutory interpretation is de novo." *Wayt v. DHSC, L.L.C.*, 155 Ohio St.3d 401, 2018-Ohio-4822, ¶ 15. *State v. Brown*, 161 Ohio St.3d 276, 2020-Ohio-4623, ¶ 7, citing *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, ¶ 9.

## IV. Analysis

{¶ 14} The state challenges the trial court's decision and judgment granting appellee judicial release in two ways: (1) by contending appellee is ineligible for judicial release under former R.C. 2929.20(C), and (2) by asserting that, even if appellee was eligible, the trial court failed to make the necessary findings under former R.C. 2929.20(J), pertaining to offenders imprisoned for second-degree felonies, to permit judicial release. As explained in detail below, the state has not demonstrated the trial court erred in either regard.

### A. First Assignment of Error – former R.C. 2929.20(C) waiting period requirement

{¶ 15} "[C]ourts of common pleas do not have inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute." *State v. Smith*, 42 Ohio St.3d 60 (1989), paragraph one of the syllabus. Accordingly, "the statutory authority for such suspension must be * * * strictly construed." *Id*. at 61; *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, ¶ 12.

{¶ 16} In its first assignment of error, the state contends appellee was ineligible for judicial release at the time it was granted. Thus, the state submits the trial court's determination that appellee was an eligible offender was contrary to law pursuant to the express language of former R.C. 2929.20. More precisely, the state argues the trial court exceeded its statutory authority when it granted appellee judicial release and thus, it claims, acted contrary to law.

{¶ 17} Our goal in reviewing one of Ohio's criminal statutes—as it is with any other statute—is "to give effect to the legislature's intent." *Ayers v. Cleveland*, 160 Ohio St.3d 288, 2020-Ohio-1047, ¶ 17. *State v. Jordan*, 89 Ohio St.3d 488, 491 (2000) ("[T]he cornerstone of statutory construction and interpretation is legislative intention."). "In order to determine legislative intent it is a cardinal rule of statutory construction that a

court must first look to the language of the statute itself." *Id.* at 492. When the text of the statute in question is plain and unambiguous, we must give effect to the legislature's intent by simply applying the law as written. *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, ¶ 12; *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 13, citing *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus (stating, if a statute is not ambiguous, "then we need not interpret it; we must simply apply it"). Indeed, "[t]o interpret what is already plain is not interpretation, but legislation, which is not the function of the courts, but of the general assembly." *Sears* at 316. Conversely, if the statute under review is ambiguous, a court may engage in statutory interpretation. *Hairston* at ¶ 11.

**{¶ 18}** In this case, we find the relevant provisions of former R.C. 2929.20 are not ambiguous. Reading the plain text of the statute, we conclude the trial court did not act contrary to law when it found appellee was an eligible offender under former R.C. 2929.20(C) and ordered her judicial release.

**{¶ 19}** R.C. 2929.20 authorizes a "sentencing court" to "reduce [an] eligible offender's aggregated nonmandatory prison term or terms through a judicial release." Former R.C. 2929.20(B). An "eligible offender" is defined, with exceptions not relevant here, as "any person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms." Former R.C. 2929.20(A)(1)(a).

**{¶ 20}** An offender's eligibility for judicial release is dictated by the duration of the "aggregated nonmandatory prison term or terms" the offender is serving. Former R.C. 2929.20(C). Pursuant to former R.C. 2929.20(C), "[a]n eligible offender may file a motion for judicial release with the sentencing court within [five defined] applicable periods." These include:

> (1) If the aggregated nonmandatory prison term or terms is less than two years, the eligible offender may file the motion at any time after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, at any time after the expiration of all mandatory prison terms.

> (2) If the aggregated nonmandatory prison term or terms is at least two years but less than five years, the eligible offender may

> file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than one hundred eighty days after the expiration of all mandatory prison terms.
>
> (3) If the aggregated nonmandatory prison term or terms is five years, the eligible offender may file the motion not earlier than the date on which the eligible offender has served four years of the offender's stated prison term or, if the prison term includes a mandatory prison term or terms, not earlier than four years after the expiration of all mandatory prison terms.
>
> (4) If the aggregated nonmandatory prison term or terms is more than five years but not more than ten years, the eligible offender may file the motion not earlier than the date on which the eligible offender has served five years of the offender's stated prison term or, if the prison term includes a mandatory prison term or terms, not earlier than five years after the expiration of all mandatory prison terms.
>
> (5) If the aggregated nonmandatory prison term or terms is more than ten years, the eligible offender may file the motion not earlier than the later of the date on which the offender has served one-half of the offender's stated prison term or the date specified in [R.C. 2929.20](C)(4)[.]

Former R.C. 2929.20(C).

{¶ 21} A trial court is generally not empowered to reduce mandatory prison terms through judicial release. Former R.C. 2929.20(B); former 2929.20(A)(6); 2929.14(B)(1)(a)(iii) and (b) (providing the one-year prison term imposed for having a firearm on or about the offender's person or under the offender's control while committing a felony "shall not be reduced pursuant to [R.C.] 2929.20."); Ohio Adm.Code 5120-2-03.1(K). And, except in certain serious medical situations defined by statute, a trial court does not have authority to grant judicial release on a motion filed before the applicable time periods in former R.C. 2929.20(C), and the judgment doing so must be reversed. *State v. Chike*, 9th Dist. No. 14CA010664, 2015-Ohio-3278, ¶ 6 ("Because Mr. Chike moved for judicial release [under former R.C. 2929.20(C)(4)] before he had completed five years of his sentence, we conclude that the trial court did not have authority to grant his motion.").

{¶ 22} Paramount to a judicial release ruling, then, is whether an offender is eligible to receive it. In evaluating an offender's eligibility for judicial release, a reviewing court must determine the duration of both the offender's "aggregated nonmandatory prison term or terms" and "stated prison term." "Aggregated nonmandatory prison term or terms" is defined as "the aggregate of": "(a) [a]ll nonmandatory definite prison terms," and "(b) all nonmandatory minimum prison terms imposed as a part of [a] non-life felony indefinite prison term or terms." Former R.C. 2929.20(A)(6). A "[s]tated prison term" is "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court" inclusive of jail-time credit. Former R.C. 2929.01(FF)(1). Although R.C. 2929.20 authorizes judicial release by the "sentencing court," the statute does not expressly define the meaning of that term for the purposes of R.C. 2929.20. (*See* Dissent at ¶ 47.)

{¶ 23} In this case, the state first contends the trial court erred in failing to sever the prison term imposed by Judge Sheward from those imposed by Judge Horton for purposes of calculating the "aggregated nonmandatory prison term or terms" and in not then applying the former R.C. 2929.20(C)(3) waiting period requirement. The state cites to *State v. Strunk*, 12th Dist. No. CA2012-03-023, 2012-Ohio-5013, and *Smith*, 2004-Ohio-3573, for the proposition that "[w]hen separate courts impose separate prison terms upon the same defendant, those separately stated prison terms are not aggregated to determine a defendant's eligibility for judicial release in all cases." (State's Brief at 10.) In the state's view, appellee's aggregated nonmandatory prison term imposed by Judge Horton in case Nos. 14CR-514 and 14CR-834 totaled five years, and therefore she was required to wait to file for judicial release "not earlier than the date on which the eligible offender has served four years of the offender's stated prison term or, if the prison term includes a mandatory prison term or terms, not earlier than four years after the expiration of all mandatory prison terms." Former R.C. 2929.20(C)(3).

{¶ 24} Appellee contends the judicial release statute defines "aggregated nonmandatory prison term or terms" in former R.C. 2929.20(A)(6) to mean the aggregate of "all" nonmandatory prison terms and, therefore, in accord with that clear language the waiting period threshold requirements in former R.C. 2929.20(C) should account for all of

her nonmandatory prison terms. Through this route, former R.C. 2929.20(C)(5) would apply since her aggregated nonmandatory prison term or terms is "more than ten years," and that section allows an offender to file the motion not earlier than the later of the date on which: (1) the offender has served one-half of the offender's stated prison term, (2) the eligible offender has served five years of the offender's stated prison term, or (3) if the prison term includes a mandatory prison term or terms, not earlier than five years after the expiration of all mandatory prison terms. Former R.C. 2929.20(C)(5), incorporating former (C)(4).

{¶ 25} The dissent infers that "the sentencing court," as used in former R.C. 2929.20, "only can mean the court that imposed the 'aggregated nonmandatory prison term or terms' *that the offender seeks to reduce*." (Emphasis sic.) (Dissent at ¶ 47.) Thus, the dissent concludes that "the 'aggregated nonmandatory prison term or terms' [must] only include[] prison terms imposed by the sentencing court *receiving the judicial release request*." (Emphasis sic.) (Dissent at ¶ 47.)

{¶ 26} In the absence of any statutory provision stating as much, we do not believe R.C. 2929.20 mandates the inferences relied on by the state and the dissent. An offender's eligibility is determined by calculating the "aggregate of" "[*a*]*ll* nonmandatory definite prison terms" being served by that offender. (Emphasis added.) Former R.C. 2929.20(A)(6)(a). Nothing in the controlling statutory provisions suggest a different meaning for "nonmandatory prison term or terms" when an offender is serving multiple nonmandatory prison sentences that were imposed in different cases by different presiding trial court judges.[4] We are not convinced that the General Assembly's use of "sentencing court" was intended to modify the express definition of "aggregated nonmandatory prison term or terms." Indeed, we note that, several subsections of R.C. 2929.20 refer, without any apparent intended distinction, to a "court"—not a "sentencing court." *See*, *e.g.*, former R.C. 2929.20(E) and (H). By its plain and ordinary meaning, former R.C. 2929.20(A)(6)

---

[4] We note that, while having the same judge who originally sentenced an offender later assess his or her judicial release motion may be ideal, judges are already tasked with reviewing a motion for judicial release filed by an offender who was originally sentenced by another judge. These cases serve as a prime example: neither Judge Horton nor Judge Sheward ultimately assessed appellee's motions for judicial release. We see no reason to limit the threshold timing requirement for judicial release based on concerns with judges' ability to evaluate an offender they did not originally sentence.

expresses the legislature's intent to base an eligible offender's judicial waiting period requirement on the sum of nonmandatory prison terms imposed by the sentencing court.

{¶ 27} The choice of the legislature to define former R.C. 2929.20(A)(6) as the aggregate of "all" nonmandatory prison terms comports with both how consecutive prison terms are served and with case law discouraging piecemeal motions for judicial release. Where consecutive sentences are imposed, the offender serves those prison terms in the aggregate. Ohio Adm.Code 5120-2-03.1(F) ("When consecutive stated prison terms are imposed, the term to be served is the aggregate of all of the stated prison terms so imposed."); R.C. 5145.01 (stating "[i]f sentenced consecutively, * * * the prisoner shall be held to be serving one continuous term of imprisonment"); ODRC Notice at 1 (indicating appellee's sentence across the three case numbers is "2 GUN+ 13.00 TERM"). Ohio courts have repeatedly discouraged offenders from filing motions for judicial release "at the outset of each sentence in a string of consecutive sentences" and instead have held the position that consecutive sentences be viewed in the aggregate when it comes to judicial release. *State v. Anderson-Melton*, 2d Dist. No. 18703 (Nov. 9, 2001). *See, e.g., Chike* at ¶ 2, 4-6 (determining meaning of "aggregated nonmandatory prison term or terms" under former R.C. 2929.20 to mean the aggregated prison term of all terms from two cases, not the aggregate term imposed separately on each case, and disallowing offender's attempt to apply for judicial release based on one case); *Anderson-Melton* ("In our view, the [former] R.C. 2929.20(B)(1) provision for judicial release, when read in conjunction with [the statutory definition of 'stated prison term'], clearly does not allow for the filing of motions for judicial release at the outset of each sentence in a string of consecutive sentences. It expressly provides that a combination of prison terms, such as a series of consecutive sentences, be treated as one 'stated prison term,' not as multiple terms. * * * Although the legislature could have chosen to provide a mechanism whereby those serving consecutive sentences could file a motion for judicial release after some of the sentences had been served, rather than at the outset, it has not done so."); *State v. Powell*, 9th Dist. No. 26715, 2013-Ohio-5561, ¶ 8 (affirming trial court decision determining which former R.C. 2929.20(C) waiting period to apply based on the aggregate of two sentences imposed consecutively under different case numbers); *State v. Gipson*, 6th Dist. No. OT-21-001,

2022-Ohio-2069, ¶ 18, *discretionary appeal not allowed*, 167 Ohio St.3d 1513, 2022-Ohio-3135 (totaling nonmandatory sentences in three cases to find former R.C. 2929.20(C)(4) applied); *State v. Weber*, 5th Dist. No. 12CA85, 2013-Ohio-1700, ¶ 16 (holding an offender did not yet qualify for judicial release after finding the series of consecutive sentences should be treated as one instead of multiple terms for purposes of judicial release).

{¶ 28} Therefore, with these considerations in mind, applying former R.C. 2929.20(C) in this case reveals no cause to reverse the trial court's determination on the threshold timing issue. The parties do not dispute Judge Horton is "the sentencing court" for purposes of resolving appellee's motion for judicial release in case Nos. 14CR-514 and 14CR-834. Judge Horton ordered the prison terms for case Nos. 14CR-514 and 14CR-834 to run consecutively to case No. 14CR-769 and stated his intention to establish "total prison time is fifteen (15) years." (Emphasis omitted.) (Jan. 9, 2015 Sentencing Entries at 2.) Neither party has challenged the validity of Judge Horton's imposition of consecutive sentences or the mandatory time imposed. Since under former R.C. 2929.20(A)(6) the aggregate of "all" of appellee's nonmandatory prison terms is more than ten years, former R.C. 2929.20(C)(5) applies, and the state does not argue appellee otherwise fails to meet the timing requirement under this provision. Considering the plain language of former R.C. 2929.20, persuasive caselaw treating consecutive sentences in the aggregate for purposes of judicial release, and Judge Horton's sentencing entry in this case, the state has not affirmatively demonstrated the trial court erred in determining appellee met the threshold timing requirement in former R.C. 2929.20(C). *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 ("[T]he burden of affirmatively demonstrating error on appeal" rests with the appellant.); *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16 ("It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error."); App.R. 9, 12(A)(1)(b), and 16(A)(7).

{¶ 29} The state next contends appellee is ineligible for judicial release since "she has not served her mandatory firearm specification." (State's Brief at v.) Contrary to the state's position, we do not find support for overturning the trial court's grant of judicial release on this basis in the revised code, the administrative code, or caselaw reviewing

similar issues. First, "[i]n determining the order in which consecutive sentences should be served," appellate courts "look first to the language of the trial court's judgment." *State v. Collins*, 2d Dist. No. 27939, 2018-Ohio-4760, ¶ 20. *See also State v. Kish*, 8th Dist. No. 99895, 2014-Ohio-699, ¶ 12 (finding it is "imperative that a trial court's sentencing journal entry is unambiguous and clearly sets forth the sequence in which consecutive sentences are to be served, especially when sentencing on multiple cases"), citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 2-3, 10, *overruled in part on other grounds*; *State v. Cvijetinovic*, 8th Dist. No. 99316, 2013-Ohio-5121, ¶ 21. Furthermore, we note some appellate courts have held that when a trial court's sentencing entries are ambiguous, in that they fail to clearly set forth the sequence in which consecutive sentences imposed in multiple cases are to be served, any ambiguity regarding the order that multiple case sentences are to be served should be construed in the defendant's favor. *See, e.g., Collins* at ¶ 20; *State v. Beverly*, 2d Dist. No. 2015-CA-71, 2018-Ohio-2116, ¶ 10; *Cvijetinovic* at ¶ 22-26; *State v. Broughton*, 6th Dist. No. L-06-1213, 2007-Ohio-5312, ¶ 14.

{¶ 30} In this case, the sentencing entries in case Nos. 14CR-514 and 14CR-834 (e.g., Judge Horton's cases) provide for the prison sentences imposed in those two cases to be served concurrent with each other "and consecutive to case No. 14CR-769." (Emphasis omitted.) As would be expected, the sentencing entry in case No. 14CR-769 (e.g., the Judge Sheward case) makes no reference to the prison sentences subsequently imposed by Judge Horton in the two later-indicted cases. Of note, the sentencing entry in case No. 14CR-834 ordered the mandatory one-year prison sentence imposed for the firearms specification "be served consecutively with and prior to the sentence imposed." (Emphasis omitted.) However, that sentencing entry does not clearly or unambiguously set forth the sequence the consecutive sentences are to be served. In such absence, consistent with the *Collins* and *Kish* line of cases, it is most logical for appellee to serve all mandatory prison sentences first. Support for this construction is found in Ohio law and the administrative code.

{¶ 31} For example, where consecutive prison terms are imposed and include firearm specifications, the relevant legal provisions require the offender to serve the aggregate of the specifications followed by the aggregate of the nonmandatory prison terms.

*See* Ohio Adm.Code 5120-2-03.1(M)[5] ("When an offender is serving any stated prison terms consecutively * * * to any one, three, five and/or six-year mandatory prison terms imposed pursuant to [R.C. 2929.14(B)(1)(a)] for using a firearm in the commission of an offense * * * the aggregate of all such one, three, five and/or six-year mandatory prison terms shall be served first. Then, consistent with [R.C. 2929.14(C)], the aggregate of all other mandatory definite prison terms shall be served, then the aggregate of the non-mandatory portion of the definite stated prison terms shall be served, then the mandatory non-life felony indefinite prison terms, then the non-life felony indefinite terms, and then the aggregate of the life terms of imprisonment shall be served."); R.C. 2929.14(C)(1)(a) ("[I]f a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, * * * the offender shall serve any mandatory prison term imposed * * * consecutively to any other mandatory prison term imposed under either division * * * consecutively to and prior to any prison term imposed for the underlying felony * * * and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.").

{¶ 32} Consistent with these legal provisions, the state argues "[t]he two mandatory one year terms for the firearm specifications must be served consecutively to each other, and *prior to* the [a]ppellee's initial eight year prison term imposed by Judge Sheward. * * * Only then comes the [a]ppellee's stated [prison] term imposed by Judge Horton" and the state similarly maintains the firearm sentences are "required to be served consecutively to each other, and *prior to the rest of the* [a]*ppellee's sentences*." (Emphasis added.) (State's Brief at 17; 6.) By adhering to this position, the state tacitly agrees appellee has already served the two mandatory firearm specifications. By doing so, the state undercuts its own assignment of error, which is based in part on appellee having "not served her mandatory firearm specification." (State's Brief at v.)

{¶ 33} Thus, while the state is correct that mandatory time affects the timing requirements in former R.C. 2929.20(C) and could preclude judicial release in some cases,

---

[5] We note the version of Ohio Adm.Code 5120-2-03.1(M) in place at the time of Judge Horton's sentencing included slightly different wording immaterial to the instant appeal.

the state has nevertheless not shown appellee is ineligible due to unserved mandatory time here. As a result, on this record, the state failed to meet its burden to affirmatively demonstrate error regarding unserved mandatory time to support reversing the trial court judgments. *Sims* at ¶ 11; *Bond* at ¶ 16; App.R. 9, 12(A)(1)(b), and 16(A)(7).

{¶ 34} This court is bound by the statutes and code provisions as enacted by the Ohio legislature. Under the plain and unambiguous language of these provisions, we conclude that: (1) for the purposes of calculating judicial release eligibility under former R.C. 2929.20(C), "aggregated nonmandatory prison term or terms" includes all nonmandatory prison terms imposed in all consecutively imposed multiple case sentences and, therefore, former R.C. 2929.20(C)(5) applies and is satisfied in this case, and (2) appellee is not ineligible for judicial release due to unserved mandatory time. While we recognize the logistical issues that may arise in light of our construction of R.C. 2929.20(C)—for instance, where a defendant is serving consecutive prison sentences imposed by multiple county courts—we have no authority to rewrite the statutes that bring out this plain meaning construction. As the Supreme Court of Ohio has repeatedly and recently explained, " '[b]ecause the General Assembly is the final arbiter of public policy, judicial policy preferences may not be used to override valid legislative enactments.' " *State v. Bortree*, 170 Ohio St.3d 310, 2022-Ohio-3890, ¶ 20, quoting *State ex rel. Tritt v. State Emp. Relations Bd.*, 97 Ohio St.3d 280, 2002-Ohio-6437, ¶ 17. We are thus duty bound to apply the laws as they are written.

{¶ 35} Having found the trial court did not act contrary to law, we find the state has failed to show the trial court erred in determining appellee was eligible for judicial release in case Nos. 14CR-514 and 14CR-834. Furthermore, because the trial court's decision to grant judicial release in case Nos. 14CR-514 and 14CR-834 did not impact the sentence imposed in case No. 14CR-769—over which the granting trial court judge was not presiding—we expressly limit our holding to the circumstances presented in this case.[6]

---

[6] We do not purport to address the propriety of, for instance, a trial court judge aggregating nonmandatory prison terms imposed in multiple cases by different presiding judges for the purpose of calculating judicial release eligibility and then granting judicial release so as to impede the defendant's service of a prison sentence imposed in a different case by a different presiding judge. In this case, Judge Brown's decision granting judicial release in case Nos. 14CR-514 and 14CR-834 will have no impact on appellee's service of the prison sentence imposed in case No. 14CR-769.

Accordingly, for all the above stated reasons and on the facts of this case, the state's first assignment of error is overruled.

### B. Second Assignment of Error – Former R.C. 2929.20(J) findings

{¶ 36} The state's second assignment of error asserts the trial court failed to make the necessary findings under former R.C. 2929.20(J) to release an offender convicted of second-degree felonies. The version of R.C. 2929.20(J) considered by the trial court stated:

> (1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under [R.C. 2929.12], finds both of the following:
>
> (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
>
> (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
>
> (2) A court that grants a judicial release to an eligible offender under division (J)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.

Thus, "before a trial court may grant judicial release, the court must make the findings contained in R.C. 2929.20(J) with reference to factors in R.C. 2929.12, specify those findings on the record, and list the relevant factors presented at the hearing." *State v. Nichter*, 10th Dist. No. 15AP-40, 2015-Ohio-3489, ¶ 7, citing *State v. Walker*, 10th Dist. No. 14AP-181, 2014-Ohio-4586, ¶ 8, citing *State v. Riley*, 10th Dist. No. 00AP-599 (Oct. 31, 2000).

{¶ 37} The state argues the trial court did not make the necessary statutory findings in this case. We note the state does not argue the record does not support the findings, but

instead contends "[a]t no point during the hearing or in its [d]ecision and [o]rder did the trial court specify the findings as to the adequacy of the punishment and the seriousness of the [a]ppellee's offenses as required under [former] R.C. 2929.20(J)(1)(a) and (b)." (State's Brief at 20-21.) We disagree.

**{¶ 38}** The trial court in this case expressly considered the PSI reports ordered in all three cases and the institutional report summary in addition to the argument of counsel in motions, memorandums, and at the hearing. The trial court discussed appellee's long history of positive behavior in prison, including having only minor infractions over eight years and the many classes and programs appellee completed. The trial court then stated it "considered the seriousness and recidivism factors in R.C. 2929.12, as required by R.C. 2929.20(J)." (Aug. 10, 2022 Decision at 6.) The trial court continued:

> The Court finds the factors indicating the offenses were more serious are outweighed by the factors indicating these offenses were less serious under R.C. 2929.12(B) and (C). Specifically, the Court finds the victims did not suffer serious physical or economic harm during these offenses. The Court finds any mental or emotional harm suffered by the victims was not exacerbated by the age or physical or mental condition of the victims. The Court finds [appellee] did not hold a position of trust in the community, and did not hold or abuse an elected position or other occupation to facilitate the offenses.
>
> Although the Court finds the offenses were committed as part of an organized criminal activity under R.C. 2929.12(B)(7), the Court finds [appellee's] conduct is not as serious compared to the conduct of the co-defendant Richard Mayes. In each robbery offense, [appellee] was the driver while Mayes was the person who entered the businesses and held the firearm during the robberies. Although this does not excuse [appellee's] conduct, or her complicity in committing these robberies, it demonstrates grounds to mitigate her conduct. Furthermore, the Court finds [appellee's] actions were motivated by heroin addiction, which similarly constitutes grounds that mitigate her conduct without rising to the level of a defense.
>
> In considering the recidivism factors under R.C. 2929[.12](D) and (E), the Court finds [appellee] had not been adjudicated a delinquent child, had a single conviction for a misdemeanor of the fourth degree (M4), led a law-abiding life for a significant

> number of years prior to the offenses, and the offense occurred under circumstances not likely to recur.
>
> The Court further finds [appellee] has demonstrated genuine remorse for her offenses. These factors are demonstrated in the presentence reports, and in the numerous classes and programs she has completed while incarcerated.

(Aug. 10, 2022 Decision at 6-7.) In this court's view, and unlike the cases cited by the state, the trial court in this case made findings under both the seriousness and recidivism provisions in former R.C. 2929.20(J)(1)(a) and (b) with reference to relevant factors in R.C. 2929.12(B), (C), (D), and (E). While the state may disagree with the result in this case, the state's argument that the trial court failed to make sufficient findings under R.C. 2929.20(J) is unpersuasive.

{¶ 39} The state appears to additionally argue that the trial court improperly considered evidence of appellee's remorse and rehabilitation. However, remorse and rehabilitation are relevant considerations in determining the likelihood of recidivism. Former R.C. 2929.20(J)(1)(a); 2929.12(E)(5) (stating the sentencing court shall consider, in addition to other factors, "[t]he offender shows genuine remorse for the offense" and "and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes"). The state has not demonstrated error in this regard.

{¶ 40} Finally, although the state contends, without citing legal support, that the trial court was not permitted to consider the equity of appellee's sentence compared to her co-defendant's sentence, it does not appear the trial court based its determination to grant judicial release on equity. The trial court did ask the state about the "disparate" sentences during the hearing, and the state clarified that argument pertained to whether a manifest injustice occurred relevant to the pending motion to withdraw her guilty plea. (Tr. at 9.) In its decision reviewing the appropriateness of judicial release under former R.C. 2929.20(J), the trial court did not discuss equity considerations concerning the co-defendant's sentences. Instead, after finding appellee committed the offense for hire or "as a part of an organized criminal activity" pursuant to R.C. 2929.12(B)(7), the trial court noted appellee's conduct was less serious than her co-defendant's conduct as evidence mitigating this factor. (Aug. 10, 2022 Decision at 7.) The state has not demonstrated to do

so was error, and the trial court was permitted to consider "any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense." R.C. 2929.12(C).

{¶ 41} Therefore, considering all the above, we find the trial court made the necessary findings under former R.C. 2929.20(J) pertaining to an eligible offender imprisoned for second-degree felonies to support its determination to grant a judicial release. We do not find the trial court's findings and analysis to be contrary to law under R.C. 2953.08(G)(2), as implied by the state, to support reversal on appeal. The state's second assignment of error asserting the contrary position lacks merit, and accordingly, is overruled.

## V. Conclusion

{¶ 42} Having overruled the state's two assignments of error, the judgments of the Franklin County Court of Common Pleas are affirmed.

*Judgments affirmed.*

EDELSTEIN, J., concurs.
LUPER SCHUSTER, J., dissents.


LUPER SCHUSTER, J., dissenting.

{¶ 43} Because I would reverse the judgments of the trial court granting appellee Kennedy's request for judicial release, I respectfully dissent.

{¶ 44} At issue is whether Kennedy was eligible for judicial release, pursuant to R.C. 2929.20, when she applied for that relief on October 25, 2021. The majority finds the state fails to demonstrate the trial court erred in granting the requested judicial release. I disagree.

{¶ 45} As the majority details, in Franklin C.P. No. 14CR-769 ("Sentencing 1"), Judge Richard Sheward sentenced Kennedy to an eight year prison term on each of the two counts of robbery, to be served concurrently, and a one year mandatory prison term for a firearm specification, to be served consecutively to the sentence for the robbery counts. Separately, and approximately two months later, in Franklin C.P. Nos. 14CR-514 and 14CR-834 ("Sentencing 2"), Judge Timothy Horton sentenced Kennedy to a total of six years in

prison, with concurrent five year sentences for each of the six counts of robbery, and a one year mandatory term for a firearm specification, to be served consecutively to the term imposed in Sentencing 1. The dispute in this appeal centers on whether the nonmandatory prison terms imposed on different dates by different judges in different sentencing proceedings can be combined to satisfy the waiting period required to file for judicial release under former R.C. 2929.20(C)(5).

{¶ 46} I agree with the majority that "former R.C. 2929.20(A)(6) expresses the legislature's intent to base an eligible offender's judicial waiting period requirement on the sum of nonmandatory prison terms imposed by the sentencing court." But I disagree with the majority that this statute allows the nonmandatory prison term imposed in Sentencing 1 to combine with the nonmandatory prison term imposed in Sentencing 2 for the judicial release eligibility calculation.

{¶ 47} Based on my reading of the applicable statutes, the trial court erroneously combined Kennedy's prison sentences in determining her judicial release eligibility. R.C. 2929.20(B) authorizes "the sentencing court" to reduce the "aggregated nonmandatory prison term or terms" of an "eligible offender." A "stated prison term" means "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court" inclusive of jail-time credit. Former R.C. 2929.01(FF)(1). "Aggregated nonmandatory prison term or terms" means "the aggregate of": (1) "[a]ll nonmandatory definite prison terms," and (2) "all nonmandatory minimum prison terms imposed as a part of [a] non-life felony indefinite prison term or terms." Former R.C. 2929.20(A)(6). Although "the sentencing court" is not expressly defined for the purpose of R.C. 2929.20, the term only can mean the court that imposed the "aggregated nonmandatory prison term or terms" *that the offender seeks to reduce.* Thus, the "aggregated nonmandatory prison term or terms" only includes prison terms imposed by the sentencing court *receiving the judicial release request.*

{¶ 48} Although the prison term imposed in Sentencing 2 was ordered to run consecutive to the prison term imposed in Sentencing 1, the court in Sentencing 2 did not impose the sentence in Sentencing 1. That is, the sentencing court in Sentencing 2 was not also the sentencing court in Sentencing 1. Thus, in my view, the trial court, in the matter

appealed, erroneously considered the prison sentence imposed in Sentencing 1 in determining Kennedy's eligibility for judicial release. Without that sentence being included in the "aggregated nonmandatory prison term or terms" time calculation, Kennedy was ineligible for judicial release. On this basis, I would find the trial court erred in granting Kennedy's request for judicial release. Therefore, I would sustain the state's first assignment of error and render its second assignment of error moot.

{¶ 49} For these reasons, I respectfully dissent.

_____